**Dolores COX, Appellant,**

v.

**Gideon COX, Appellee.**

**No. 91–FM–1452.**

District of Columbia Court of Appeals.

Submitted Dec. 2, 1993.

Decided March 28, 1994.

Alda A. Anderson filed a brief, for appellant.

Irvin P. Foster filed a brief, for appellee.

Before SCHWELB, WAGNER and KING, Associate Judges.

SCHWELB, Associate Judge:

Dolores E. Cox (the wife) asks this court to set aside provisions of a divorce decree which relate to the distribution of marital property. She contends that discovery rulings by the motions judge and evidentiary rulings by the trial judge unfairly prevented her from de-

---

veloping proof that Gideon Cox (the husband) had concealed assets by transferring them to L.W., a female co-worker. We reverse and remand for further proceedings.

## I.

The parties were married in 1973. In 1987, the husband left the wife and began a relationship with L.W.[1] One of the wife's principal claims at trial was that bank accounts and other assets nominally owned by L.W. were actually marital property which the husband had transferred to L.W. in order to avoid their equitable distribution as part of the marital estate. *See* D.C.Code § 16–910(b) (1989). In her brief in this court, the wife has detailed alleged illustrations of such conduct which the husband has failed to contradict in his brief.

The case was initially called for a bench trial before Judge Susan R. Winfield on May 6, 1991. After the wife commenced her testimony, the judge attempted to assist the attorneys to negotiate a settlement. The parties were unable to reach agreement, however, and Judge Winfield certified the case to Judge Cheryl M. Long (the motions judge) for trial in July, 1991.

Claiming to have learned for the first time during the aborted trial and the negotiations that followed it that the husband's responses to discovery had been incomplete, the wife moved to compel discovery, noticed L.W.'s deposition, and served her with a subpoena *duces tecum*. The husband opposed the motion as untimely, and counsel for L.W. moved to quash the notice of deposition and accompanying subpoena. Following an acrimonious hearing, the motions judge denied the wife's request for further discovery, holding that, by announcing ready for trial, the wife had waived the right to complain about any deficiencies in the husband's responses to discovery. The notice of deposition and subpoena were ordered quashed. The judge also ruled that the wife would not be permitted to call L.W. as a witness unless the trial judge determined, as the trial proceeded, that things had happened "that make the whole situation look differently [from how] it looked a number of months beforehand."

The case was called for a second non-jury trial on October 23, 1991, this time before Judge Linda Turner Hamilton (the trial judge). During these proceedings, while counsel for the wife was cross-examining the husband, the trial judge ruled that the wife's counsel would not be permitted to question the husband regarding the ownership of funds in an account which he had shared with L.W.[2] The trial judge also reaffirmed the motions judge's ruling that the wife would not be permitted to call L.W. as a witness, observing that the wife's theory "simply has no nexus yet."

On November 21, 1991, the trial judge issued Findings of Fact, Conclusions of Law, and a decree of divorce. She awarded the wife a 70% interest in the marital home, and set forth in detail the parties' respective shares in the remaining marital assets. The wife then noted this appeal, contending primarily that allegedly erroneous rulings by the motions judge and by the trial judge had precluded her from proving the existence of additional marital assets.

## II.

The wife first complains that the motions judge abused her discretion by denying the wife's motion to compel discovery and by proscribing the taking of L.W.'s deposition. The wife further contends that she had a

---

1. The wife claimed that this relationship was adulterous. The court found that "the evidence that [the husband] was involved with another woman in 1987 was slight," but that it was the husband who "created the situation."

2. The exact contours of the judge's ruling are not quite clear from the transcript, but the characterizations of her ruling in both briefs are essentially the same. According to the husband's brief, the judge "sustained [the husband's] objection as to [this account], holding that the monies in the account belonged to [L.W.], and that [the wife] was precluded from inquiring into that account." According to the wife's brief, the judge sustained the objection "because [L.W.'s] name appeared first on the account, the monies in the account belonged to [L.W.], and therefore [the wife] was precluded from inquiring as to the source or whereabouts of those funds." The wife was thus precluded not only from calling L.W. as a witness, but also from questioning the husband about assets ostensibly owned by L.W.

right to examine both the husband and L.W. at trial regarding assets which were ostensibly owned by the latter, but which arguably contained funds transferred by the husband in order to deplete the marital estate and to reduce the wife's share. We need not definitively decide the first issue,[3] because we agree with the wife as to the second.

The public and the court have a right to every person's non-privileged and admissible evidence. *See United States v. Nixon,* 418 U.S. 683, 709, 94 S.Ct. 3090, 3108, 41 L.Ed.2d 1039 (1974). "The need to develop all relevant facts in the adversary system is both fundamental and comprehensive." *Id.* Indeed, "[t]he very integrity of the judicial system and public confidence in the system depend on full disclosure of all the facts, within the framework of the rules of evidence." *Id.* The availability of compulsory process is imperative "[t]o ensure that justice is done." *Id.; see also Universal Airline v. Eastern Airlines,* 88 U.S.App.D.C. 219, 224–25, 188 F.2d 993, 998–99 (1951).

"[T]he parties to a civil action have a right to compulsory process for obtaining the attendance of essential witnesses in their behalf." 97 C.J.S. *Witnesses* § 3, at 351 (1957 & Supp.1993). A citizen who has been improvidently called to testify may, of course, make a showing that he or she has no relevant information, and that attendance at the trial would be a waste of time. *See Overholser v. De Marcos,* 80 U.S.App.D.C. 91, 94, 149 F.2d 23, 26, *cert. denied,* 325 U.S. 889, 65

S.Ct. 1579, 89 L.Ed. 2002 (1945). "If it appears that the witness can give no relevant testimony the court should not require his attendance. *In exercising this discretionary power the court should resolve doubts in favor of the party calling the witness.*[4] *Id.* (emphasis added). The burden on a litigant who seeks to preclude his adversary from presenting relevant testimony is therefore a heavy one.

■■ In the present case, the issue as to which the wife was seeking the testimony of the husband and of L.W. was demonstrably relevant. A spouse may not circumvent the equitable distribution of the marital estate by concealing marital assets or by manipulating title to them. Indeed, our statute, by its terms, requires the court to consider, among other things, each party's contribution to the "acquisition, preservation, appreciation, *dissipation* or depreciation in value" of the marital estate. D.C.Code § 16–910(b) (emphasis added). This provision was designed "to avoid arbitrary or inequitable divestitures of property formal title to which was vested in but one spouse." *McCree v. McCree,* 464 A.2d 922, 928 (D.C.1983). No statutory or common law privilege was asserted by L.W., nor did she present any other equitable argument to the court urging that she be excused from testifying or from complying with the subpoena.[5] We therefore conclude that the wife was entitled to call L.W. as a witness, and to examine both L.W. and the husband

---

3. The motions judge had wide discretion in resolving disputes as to discovery. *White v. Washington Metro. Area Transit Auth.,* 432 A.2d 726, 729 (D.C.1981). Ordinarily, discovery is a pre-trial device, and having announced ready for trial, the wife's burden in attempting to show abuse of discretion is a formidable one. If the wife had been permitted to examine the husband and L.W. at trial on all relevant matters, reversal based on the motions judge's discovery rulings alone would probably not be warranted.

4. Cumulative or redundant evidence may also be excluded, largely, to use Justice Holmes' phrase, "as a concession to the shortness of life." *District of Columbia v. Bethel,* 567 A.2d 1331, 1336 (D.C.1990) (*quoting Reeve v. Dennett,* 145 Mass. 23, 11 N.E. 938, 943–44 (1887)). For reasons

discussed in the text, however, the evidence excluded here was not cumulative or redundant.

5. In the proceedings before the motions judge, L.W.'s attorney argued that the subpoena *duces tecum* directed to her was overbroad, that some of the records demanded from her were irrelevant, and that discovery had been completed. Counsel did not assert any privacy interest on behalf of his client. No representation of any kind was made to the trial judge at trial by anyone acting for L.W. Even if a privacy interest had been asserted, the evidence relied on by the wife was sufficient to preclude a complete proscription against any inquiry into any interest which the husband might have in property titled in L.W.'s name.

with respect to any allegedly inequitable divestitures.

### III.

For the foregoing reasons, the judgment of the trial court is reversed, and the case is remanded for further proceedings consistent with this opinion.[6]

*So ordered.*

---

6. Since the present case was not tried before a jury, an entire new trial may well be unnecessary. The trial judge may wish simply to reopen the record, to take the testimony of L.W., and to permit counsel for the wife to question the husband on assets titled in L.W.'s name. Because no discovery has been conducted as to L.W.'s knowledge of potentially relevant facts, and because a substantial amount of time has elapsed since the proceedings below, the court may wish to permit the deposition of L.W. to be taken and to reopen discovery to a limited extent in order to update the information available to counsel and to the court.