[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MAY 16, 1997
I. Factual and Procedural History
The following facts are not in dispute. On April 26, 1993, Barbara Steiner (hereinafter the "plaintiff") sustained personal injuries from a fall while proceeding down a ramp in route to a boat docked at "The Marina at American Wharf" which is owned and operated by American Wharf Development Corporation (hereinafter "American Wharf"). The area in which the plaintiff fell is gated and marked with a sign which reads "for boat owners only." American Wharf operates the marina as a for profit business, charging docking fees to boat owners in exchange for their use of the dock, a private bathroom and shower, and a pool, among other things.
Subsequent to the accident, the plaintiff filed a complaint in two counts. Count one alleges negligence on the part of American Wharf, The Marina at American Wharf, S.P.A., and the City of Norwich. Count two alleges products liability on the part of Concrete Flotation Systems, Inc. On June 29, 1995, American Wharf filed an answer to the plaintiff's complaint, and on April 4, 1996, it filed a motion for summary judgment against the plaintiff. On July 18, 1996, the plaintiff filed a memorandum of law in opposition to American Wharfs motion for summary judgment. On April 7, 1997, the court heard oral argument on the defendant's motion. All interested parties were present and had an opportunity to be fully heard. CT Page 4985
II. Discussion
American Wharf contends that its motion for summary judgment should be granted on the grounds that 1) the plaintiff's action is barred by the Recreational Land Use Act (General Statutes § 52-557f et seq.) which renders landowners who hold their property open to the public immune from liability for injuries which occur thereon; and 2) the plaintiff has not made out a prima facie case for negligence.
The plaintiff, in turn, argues that the motion for summary judgment should be denied on the grounds that 1) the Recreation Land Use Act does not apply to the facts in this case because a) the marina is not open to the public, b) a fee or rent is charged to use the marina, and c) the marina is used for commercial purposes; and 2) there is a material issue of fact as to whether American Wharf was negligent as to the plaintiff.
A. Summary Judgment, Legal Standard
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Millerv. United Technologies Corp., 233 Conn. 732, 744-45, 660 A.2d 810
(1995). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Catz v. Rubenstein,201 Conn. 39, 48, 513 A.2d 98 (1986). "The party seeking summary judgment has the burden of showing the absence of any genuine issues as to all material facts which, under applicable principles of substantive law, entitle him to judgment as a matter of law." (Internal quotation marks omitted.) Suarez v.Dickmont Plastics, Corp., 229 Conn. 99, 105, 639 A.2d 99 (1994);Miller, supra, 233 Conn. 744-45. "Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." Haesche v. Kissner, 229 Conn. 213,217, 640 A.2d 89 (1994). "Demonstrating a genuine issue requires a showing of evidentiary facts or substantial evidence outside the pleadings from which material facts alleged in the pleadings can be warrantably inferred." New Milford Savings Bank v. Roma,38 Conn. App. 240, 244, 659 A.2d 1226 (1995). CT Page 4986
 B. Application 1. Applicability of General Statutes § 52-557f et seq.
American Wharf contends that the Recreational Land Use Act precludes liability in this case because the area in question is available for public use free of charge.[1] The plaintiff contends, however, that the dock area in question is excepted from the statute 1) because American Wharf charges a fee for the use thereof and 2) because American Wharf has posted signs prohibiting access by the public.
General Statutes § 52-557h provides in pertinent part that "[n]othing in sections 52-557f to 52-557i, inclusive, limits in any way the liability of any owner of land which otherwise exists . . . for injury suffered in any case where the owner of land charges the person or persons who enter or go on the land for the recreational use thereof, except that, in the case of land leased to the state or subdivision thereof, any consideration received by the owner for the lease shall not be deemed a charge within the meaning of this section." General Statutes § 52-557 (h)(2). General Statutes § 52-557f
defines "charge" as "the admission price or fee asked in return for invitation or permission to enter or go upon the land." General Statutes § 52-557f(1).
The defendant American Wharf directs this court's attention to Genco v. Connecticut Light Power Co., 7 Conn. App. 164,508 A.2d 58 (1986), in support of its position. In Genco, the plaintiff brought an action against Connecticut Light Power Co. (hereinafter "CLP") when she was seriously injured after she dove into the lake and struck bottom. CLP moved for summary judgment claiming that it was not liable for the plaintiff's injuries pursuant to § 52-557f. The trial court granted CLP's motion for summary judgment, and the plaintiff appealed. On appeal, the plaintiff argued that the trial court erred in granting summary judgment because the lake in question was not available to the public under the terms of the statute since CLP leased land to marinas, among others, who in turn charged fees to their users to cover the cost of maintenance and operation. The plaintiff argued that these fees constituted "charges" within the meaning of statute.
In affirming the trial court's ruling, the Appellate Court CT Page 4987 observed that a "charge connotes a quid pro quo . . . a charge in exchange for permission to enter that land at that time." (Emphasis omitted: internal quotation marks omitted.) Genco v.Connecticut Light Power, supra, 7 Conn. App. 170. A fee charged by "a marina is not an admission price but merely an operational or maintenance charge." Id. 171. The court concluded that "fees charged by the entities, public or private, which abut the lake do not make the defendant liable as an owner of land [who] charges the person or persons who enter or go on the land for the recreation use thereof." (Ellipsis omitted; internal quotation marks omitted.) Id.
In this case, the defendant attempts to analogize between itself and the defendant in Genco, but that analogy does not fit. While the Appellate Court makes reference to marina charges, the Court's holding in that case neither hinges on the type of fees charged nor on the entity charging the fees but on the fact that the plaintiff was attempting to impute fees charged by third parties to the defendant. In this case, the plaintiff alleges that American Wharf is charging fees for ingress and egress to property which it controls and on which it is alleged the plaintiff was injured.
Additionally, American Wharf also asserts that Genco andScrapchansky v. Town of Plainfield, 226 Conn. 446, 627 A.2d 1329
(1993), stand for the proposition that immunity is not abrogated by the placing of signs at the entrance to its boat ramps which read: "for boat owners only." In both Genco and Scrapchansky, the plaintiff's claimed that the imposition of partial restrictions on the use of the land took the land in question out of the purview of the statute. Specifically, in Genco, CLP had placed signs at various, apparently dangerous, areas of the lake restricting use in those areas. In Scrapchanksy, the town of Plainfield had restricted use of the field in question to times when the school adjacent to it was not in session and permitted scheduled league games to occupy the field at other times. The Supreme Court concluded in Scrapchansky that "impos[ing] restrictions merely served to permit the orderly use of the field. Without restrictions . . . the defendants would have had to sanction a "free for all" in order to be entitled to immunity under the statute . . ."[2] Scrapchansky v. Plainfield, supra,226 Conn. 453. In this case, American Wharf has placed signs which read "for boat owners only," boat owners who must pay a fee in order to use the premises. Such is not, in this court's opinion, the type of restriction at issue in the above-cited CT Page 4988 cases.
This court concludes that there is a genuine issue of material fact as to whether the marina is available to the public free of charge for purposes of § 52-557f. American Wharf has posted signs abutting the marina reserving those areas for boat owners only. In turn, boat owners are charged a fee for use of the marina and its facilities. While other portions of the premises might arguably fall within the purview of the statute, there remains a material issue of fact as to whether the area of the premises housing the ramp and dock is open to the public free of charge. See also Mazzucco v. Town of Fairfield, Superior Court, judicial district of Fairfleld at Bridgeport, Docket No. 262283, 9 CONN. L. RPTR. 488 (July 26, 1993) (denying the defendant's motion for summary judgment on the ground that there remained a material issue of fact as to whether a parking permit charge in order to access municipal beaches was a "charge" within the meaning of § 52-557f); also Valente v. City of New Haven,
Superior Court, judicial district of New Haven at New Haven, Docket No. 315195 (October 31, 1995) (DeMayo, STR) (denying the defendant's motion for summary judgment on the ground that there remained a material issue of fact as to whether a "greens fee" charged to patrons of a municipal golf course was a "charge" within the meaning of § 52-557f).
2. Negligence
The defendant asserts that this court should grant its motion for summary judgment because the plaintiff cannot prove that American Wharf failed to exercise reasonable care over its property. In opposition, the plaintiff has produced an affidavit of its expert witness alleging that, in his opinion, the gangway was defective and was a substantial factor in the plaintiff's fall and subsequent injury. In addition, the plaintiff has produced uncontroverted evidence by way of deposition testimony that American Wharf altered the handrails which plaintiff alleges she was unable to grasp in attempting to avoid her fall. "A determination of negligence is necessarily one of fact . . . As such, issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." (Citations omitted; Internal quotation marks omitted.) Maffucci v. Royal Pk. LTD. Partner, 42 Conn. App. 563,568-69 (1996). This court determines that a material issue of fact remains as to whether American Wharf was negligent as to the plaintiff. CT Page 4989
III. Conclusion
The defendant American Wharfs motion for summary judgment is denied on the grounds that 1) it is not immune, as a matter of law, from liability pursuant to § 52-557f because there remains a material issue of fact whether the area in which the plaintiff fell is open to the public free of charge within the meaning of the statute, and 2) there remains a material issue of fact as to whether the defendant breached its duty of care to the plaintiff.
HANDY, J.