[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed June 25, 1997
I. Factual and Procedural Background
The following facts are not in dispute. On September 6, 1988, Brian Vining and May Vining (hereinafter the "defendants") executed a promissory note (hereinafter "note") in favor of Housatonic Bank Trust Company (hereinafter "Housatonic") in the amount of $20,733.53. The note was secured by a piece of equipment known as a "New Holland Backhoe" (hereinafter "backhoe"). On April 21, 1989, Housatonic repossessed the backhoe, and subsequently sold the piece of equipment to the successful bid tender on June 5, 1989.[1] On July 26, 1991, Housatonic was declared insolvent, and on July 26, 1991, the Federal Deposit Insurance Corporation (hereinafter the "FDIC") was appointed receiver of said institution. At an unspecified later date, the FDIC assigned said note to Georgia Receivables, Inc. (hereinafter the "plaintiff"). The plaintiff subsequently made demand upon the defendants for payment of the outstanding balance; however the defendants refused to pay. On April 25, 1996, the plaintiff brought an action against the defendants to recover $14,733.53 due and owing on the note.
On November 8, 1996, the defendants filed an answer and two special defenses. The first special defense asserted that Housatonic failed to give the defendants proper notice of either the repossession of the backhoe or its subsequent sale. The second special defense asserted that the plaintiff's action is barred by the applicable statute of limitations.
On January 14, 1997, the defendants filed a motion for summary judgment on the statute of limitations defense. On February 10, 1997, the plaintiff filed an objection to the defendants' motion for summary judgment. On May 19, 1997 the court, Handy J., heard oral argument on the defendants' motion.
II. Motion for Summary Judgment, Legal Standard
"[S]ummary judgment shall be rendered forthwith if the CT Page 6684 pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."Miller v. United Technologies Corp., 233 Conn. 732, 744-45,660 A.2d 810 (1995). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Catz v. Rubenstein, 201 Conn. 39, 48, 513 A.2d 98
(1986). "The party seeking summary judgment has the burden of showing the absence of any genuine issues as to all material facts which, under applicable principles of substantive law, entitle him to judgment as a matter of law." (Internal quotation marks omitted.) Suarez v. Dickmont Plastics, Corp.,229 Conn. 99, 105, 639 A.2d 99 (1994); Miller, supra,233 Conn. 744-45. "Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." Haesche v. Kissner, 229 Conn. 213, 217,640 A.2d 89 (1994). "Demonstrating a genuine issue requires a showing of evidentiary facts or substantial evidence outside the pleadings from which material facts alleged in the pleadings can be warrantably inferred." New Milford SavingsBank v. Roma, 38 Conn. App. 240, 244, 659 A.2d 1226 (1995).
III. Discussion
In their motion, the defendants argue that the present action is barred by the statute of limitations as contained in either General Statutes § 42a-2-725[2] (four-year statute of limitations for contracts of sale) or General Statutes §52-576[3] (six-year statute of limitations for actions for account, simple or implied contract.). In support thereof, the defendants assert that the note was executed on September 6, 1988, that the collateral securing the note was sold on June 7, 1989, that no action was taken by the plaintiff until the instant lawsuit was filed, and that the defendants neither made payments under the note nor were billed on the note during that time.[4] The plaintiff argues that since this case involves an assignment of a note from the FDIC to the plaintiff the applicable statute of limitations is six years as specified in 28 U.S.C.A. 2415(a), and that the commencing of the statute of limitations is controlled by12 U.S.C.A. 1821(d)(14)(B). To understand plaintiff's argument, this court must examine applicable federal law. CT Page 6685
Generally, 28 U.S.C.A. § 2415(a) provides for a six-year statute of limitations for suits brought by federal agencies.[5]28 U.S.C.A. § 2415(a); Cadle Co. v. 1907 Joint Venture,83 F.3d 102, 104 (5th Cir. 1996). Specifically, as to the FDIC,12 U.S.C.A. § 1821(d)(14)(B) provides that the date on which the six-year statute of limitations begins to run is the latter of "(i) the date of the appointment of the [FDIC] as conservator or receiver; or (ii) the date on which the cause of action accrues."[6] 12 U.S.C.A. 1821(d)(14)(B).
In Federal Deposit Insurance Co. v. Bledsoe, 989 F.2d 805
(5th Cir. 1993), the Fifth Circuit Court of Appeals held that assignees of the FDIC were entitled to the same six-year period of limitations as the FDIC.[7] The facts in Bledsoe are as follows. In May 1983, Galleon Builders, Inc., executed a promissory note payable to State Savings Loan Association of Lubbock (hereinafter "State Savings") in the amount of $392,040.00. Galleon Builders defaulted in May 1984. In December 1985, State Savings was declared insolvent, and the Federal Savings and Loan Insurance Corporation (hereinafter "FSLIC") was appointed receiver. The FSLIC subsequently assigned the note to State Federal Savings and Loan Association of Lubbock (hereinafter "Federal Savings"). Thereafter, Federal Savings was declared insolvent, and, the FSLIC was appointed receiver.
In August 1989, Congress passed the Financial Institutions Reform, Recovery, and Enforcement Act[8]
(hereinafter "FIRREA") which abolished the FSLIC and transferred all of its assets to the FDIC. The FDIC subsequently became the holder of the note in question, and brought an action seeking recovery of the deficiency. The defendant moved for summary judgment claiming that the state statute of limitations controlled and that the cause of action had expired. Id., 807. The FDIC claimed that the action was timely filed in that the applicable statute of limitations was the six-year federal statute of limitations and that this six-year limitations period was not, as defendant claimed, lost as a result of the note being previously assigned to a private party.
In reaching its conclusion that assignees of the FDIC are entitled to the six-year federal statute of limitations, the Circuit Court noted that the statutory scheme was silent as to CT Page 6686 the rights of FDIC assignees. In order to fill this perceived "gap", the Court of Appeals applied the common law of assignments and determined that assignees of the FDIC stood in the same shoes as the FDIC. Id., 810. The Circuit Court concluded that "[t]ransferring the federal six-year statute of limitations from the FDIC . . . to its assignees is consistent with the common law of assignments, furthers Congressional policy, and is supported by the cases extending the D'Oench Duhme doctrine to private assignees." Id., 811. A number of state courts have also so held. See White v. Moriarty,15 Cal.App.4th 1290, 1297-98, 19 Cal.Rptr.2d 200 (1993); TivoliVentures, Inc. v. Tallman, 870 P.2d 1244 (Colo. 1994); CadleCo. II., Inc. v. Lewis, 254 Kan. 158, 864 P.2d 718 (1993), cert. denied, 114 S.Ct. 1613 (1994); Central States ResourcesCorp. v. First Nat'l Bank in Morrill, Nebraska, 243 Neb. 538,501 N.W.2d 271 (1993), among others.
However, In Wamco, III. LTD. v. First Piedmont MortgageCorp., 856 F. Sup. 1076 (E.D.Va. 1994), the District Court for the Eastern District of Virginia, held that the six-year statute of limitations did not apply to an assignee of the Resolution Trust Company (hereinafter the "RTC"). In Wamco,III, a promissory note was executed by, among others, First Piedmont Mortgage Corp. to Investors Savings Bank (hereinafter "Investors Savings").[9] Subsequently, Investors Savings lapsed insolvent, and the RTC was appointed receiver. The RTC, in turn, sold the above-mentioned note to Wamco, III, Ltd. which then brought an action to recover on the note on October 7, 1993 as "assignee of RTC." The defendants moved to dismiss the action asserting that the statute of limitations had expired on October 7, 1992. Wamco argued that as an assignee of the RTC it was entitled to the six-year statute of limitations afforded to the RTC.
The district court, while acknowledging the Fifth Circuit's holding in Bledsoe, rejected Wamco's argument that the six-year federal statute of limitations applied. TheWamco III court, while not faulting the Fifth Circuit generally for using common law principles to fill in perceived "gaps" in federal law, observed that "resort[ing] to that approach first necessitates a judgment that the statute does not address the issue. That fundamental prerequisite is not present here because, although FIRREA does not bespeak the rights of assignees, it is not silent on the scope of the remedial benefit it confers." Id., 1086. The district court CT Page 6687 concluded that the six-year statute of limitations was "personal" to the RTC and that rights created for it by FIRREA were not transferrable to assignees of the RTC. Id., 1087.
This split of authority in the federal courts serves to demonstrate that this case is not appropriate for disposition by summary judgment. Georgia Receivables is an assignee of the FDIC. A number of federal and state courts, Wamco, III
not withstanding, have held that, as such, the plaintiff is entitled to the six-year statute of limitations period provided in 28 U.S.C.A. § 2514(a), and that the statute of limitations commences to run on the latter of (i) when the FDIC becomes receiver, or (ii) the cause of action accrues, as provided for in 12 U.S.C.A. § 1281(d)(14)(B). An application of federal law to the facts in this case reveals that the statute of limitations would have commenced on July 26, 1991, the date the FDIC was appointed receiver of Housatonic, that the limitations period would have expired on July 26, 1997, and that the plaintiff arguably filed a timely action on April 26, 1995. Thus, the defendants' motion for summary judgment must be denied since there remains a material issue of fact as to the timely filing of this action.
IV. CONCLUSION
The defendants' motion for summary judgment is denied on the ground that there remains a material issue of fact as to the timeliness of the plaintiff's action and the defendants cannot prevail as a matter of law.
HANDY, J.