[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
I. Factual and Procedural History
Christopher Wessell (hereinafter the "plaintiff"), by and through his next friend and legal guardian, Derek J. Wessell, brings this action by revised complaint, dated April 17, 1995, against Michael Coffey, DBA Coffey Disposal Service, A and L Pharmacy, Inc., DBA Bellantone's Pharmacy, The St. Mary's 
St. Joseph's Cemetery Corporation, The Laurel Realty Company, and Robert Bellantone, individually, for personal injuries suffered as a result of a collision with a garbage disposal unit (hereinafter "dumpster").
The facts are as follows. On April 12, 1995, while riding his bicycle, the plaintiff was severely injured when his head struck a "pipe, bar and/or handle" extending from the CT Page 9337 abovementioned dumpster. The dumpster was the property of Coffey Disposal Services, and was located behind Bellantone's Pharmacy, on property leased by The Laurel Realty Company and owned by St. Mary's St. Joseph's Cemetery Corporation. As a result of the incident, the plaintiff brought a complaint in eighteen counts alleging negligence and nuisance on the part of the various defendants.
On February 4, 1997, St. Mary's St. Joseph's Cemetery Corporation (hereinafter the "defendant") moved for summary judgment as to the plaintiff on counts three[1] and eight[2] of the revised complaint.[3] On April 25, 1997, the plaintiff filed an objection to the defendant's motion for summary judgment.[4] On May 16, 1997, the defendant filed a reply memorandum in support of its motion for summary judgment. On May 22, 1997, the plaintiff filed a supplemental response to the defendant's motion for summary judgment.[5] On May 27, 1997, the court (Handy, J.) heard oral argument on the defendant's motion for summary judgment. By permission of the court, on June 3, 1997, the defendant filed a second reply memorandum in support of its motion for summary judgment. On June 6, 1997, the plaintiff filed a "request to file additional materials relative (sic) to defendant's motion for summary judgment."[6]
II. Summary Judgment, Legal Standard
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."Miller v. United Technologies Corp., 233 Conn. 732, 744-45,660 A.2d 810 (1995). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Catz v. Rubenstein, 201 Conn. 39, 48, 513 A.2d 98
(1986). "The party seeking summary judgment has the burden of showing the absence of any genuine issues as to all material facts which, under applicable principles of substantive law, entitle [it] to judgment as a matter of law." (Internal quotation marks omitted.) Suarez v. Dickmont Plastics, Corp.,229 Conn. 99, 105, 639 A.2d 99 (1994); Miller, supra,233 Conn. 744-45. "Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate CT Page 9338 its adverse claim with evidence disclosing the existence of such an issue." Haesche v. Kissner, 229 Conn. 213, 217,640 A.2d 89 (1994).
III. Discussion
The defendant argues that the court should grant its motion for summary judgment on the grounds that 1) the lease agreement between the defendant and The Laurel Realty Company demonstrates that it was not in possession or control of the subject property when the injury occurred and therefore, as a matter of law, it cannot be held liable for the plaintiff's injuries and 2) that the plaintiff has alleged insufficient facts to prove a) that it is an abutting landowner to the shopping center or b) that said land was in any way connected with the plaintiff's injuries as alleged in the complaint.
The plaintiff argues that this court should deny the defendant's motion for summary judgment on the grounds 1) that the lease does not absolve the defendant of all liability for injuries to a third-party, 2) as a land owner, Connecticut law holds the defendant to a higher standard of care in keeping its property free from conditions that are dangerous to children, and 3) that even if the defendant did not have possession or control of the premises around the dumpster, it did have possession and control of an adjacent lot where the plaintiff was playing when the incident occurred.
"[I]t is the possession of land that imposes the liability for injuries, rather than the ownership of the land. The possessor is ordinarily the party responsible for the reason that the person in possession is in a position to control and is best able to prevent harm." Wright, FitzGerald and Ankerman, Connecticut Law of Torts, 3d., p. 108. Whether control of the premises has been transferred to a lessee is determined by examining the terms of the lease. Martel v.Malone, 138 Conn. 385, 388-89, 85 A.2d 246 (1951). "The word `control' has no legal or technical meaning distinct from that given in its popular acceptance . . . and refers to the power or authority to manage, superintend, direct or oversee and maintain. . . . Unless it is definitely expressed in the lease, the circumstances of the particular case determine whether the lessor has reserved control of the premises or whether they were under the exclusive dominion of the tenant, and it becomes a question of fact and is a matter of intention CT Page 9339 in light of all the significant and attendant facts which bear on the issue." (Citations omitted.) Panaroni v. Johnson,158 Conn. 92, 98, 256 A.2d 246 (1969).
In this case, the lease contains the following relevant paragraphs: 1) paragraph five states that "the Lessee does covenant and agree with the Lessor that the said Lessee shall save and hold harmless the Lessor from any liability to any person for injury to person or damage to property arising out of the use and occupancy of the premises by the Lessee . . . ." 2) paragraph nine states that the "Lessee, properly discharging the obligations herein set forth to be discharged by it, shall have and enjoy during the terms hereof or any extension of said term, the quiet and undisturbed possession of said premises"; 3) paragraph thirteen (c) states that the "Lessee further agrees that it will make no claim nor authorize any claim to be made against Lessor as a result of fire, explosion, or other casualty damaging the premises claiming negligence on the part of the Lessor, its employees, servants or agents"; and 4) paragraph sixteen states that "if the Lessee . . . shall neglect or fail to perform or observe any or either of the other covenants on the part of the lessee herein contained . . . the Lessor . . . may enter into and upon said premises and repossess the same as its former estate . . . ."
After reviewing these and other relevant portions of the lease between the defendant and The Laurel Realty Company, this court cannot find that, as a matter of law, The Laurel Realty Company assumed-exclusive control of the property in question thereby absolving the defendant of liability to a third party for injuries incurred on the premises. "A lease is a contract . . . and its construction presents a question of law for the court." (Citations omitted.) Robinson v. Weitz, 171 Conn. 545, 551,2 Conn. App. 439, 445, 479 A.2d 1219 (1984). First, nowhere in the lease is there language to the effect that The Laurel Realty Company assumed exclusive control over the premises thereby absolving the defendant of all liability. Second, paragraphs thirteen and sixteen of the lease create a disputable inference that the lessor retained at least some control as to the disposition of the leased property. Third, the indemnification clause in paragraph five indicates that the parties themselves did not believe that the lease would bar injured third parties from advancing claims against the owner-defendant. As the Connecticut Supreme Court has stated, issues of intent and motive are generally ill-suited for summary judgment and should be left CT Page 9340 to a jury for resolution. Wadia Enterprises, Inc. v. Hirschfield,224 Conn. 240, 250, 618 A.2d 506 (1992).
IV. Conclusion
This court denies the defendant's motion for summary judgment on the ground that the provisions of the lease are ambiguous as to whether the defendant retained control over the property sufficient to expose it to liability for injuries to a third party incurred on the leased premises.[7] The defendant's motion for summary judgment is denied.
Handy, J.