[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THE DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGMENT
I. Factual and Procedural History
This cause of action arises out of an automobile accident which occurred on July 28, 1992. The vehicle struck a telephone pole as a result of the driver being distracted by a spider which had crawled onto the driver's seat of the vehicle. On August 2, 1994, Karen M. Colgan (hereinafter the "plaintiff"), the sister-in-law of the driver and a passenger in the automobile, brought an action in nine counts against Southern New England Telephone Company, Southern New England Telephone Corporation, and Connecticut Light Power Company (hereinafter the "defendants") alleging negligence, negligent nuisance, and absolute nuisance.[1]
On May 23, 1997, by permission of the court (Handy, J.), the defendants filed a joint motion for summary judgment as to the plaintiff.[2] On June 12, 1997, the plaintiff filed an objection to the defendants' motion for summary judgment.[3] On June 17, 1997, the court (Handy, J.) heard oral argument on the defendants' motion for summary judgment.
II. Summary Judgment — Legal Standard
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."Miller v. United Technologies Corp., 233 Conn. 732, 744-45,660 A.2d 810 (1995). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Catz v.Rubenstein, 201 Conn. 39, 48, 513 A.2d 98 (1986). "The party CT Page 10045 seeking summary judgment has the burden of showing the absence of any genuine issues as to all material facts which, under applicable principles of substantive law, entitle [that party] to judgment as a matter of law." (Internal quotation marks omitted.) Suarez v. Dickmont Plastics, Corp., 229 Conn. 99,105, 639 A.2d 99 (1994); Miller, supra, 233 Conn. 744-45. "Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue."Haesche v. Kissner, 229 Conn. 213, 217, 640 A.2d 89 (1994). "Demonstrating a genuine issue requires a showing of evidentiary facts or substantial evidence outside the pleadings from which material facts alleged in the pleadings can be warrantably inferred." New Milford Savings Bank v. Roma,38 Conn. App. 240, 244, 659 A.2d 1226 (1995).
III. Discussion
The defendants argue that summary judgment should be granted on the ground that: (1) Pion v. Southern New EnglandTelephone Co., 44 Conn. App. 657, ___ A.2d ___ (1997) is dispositive of the defendants' duty to plaintiff in this case; (2) that the plaintiff's allegations of negligent nuisance and absolute nuisance fail because (a) the claims as alleged are deficient as a matter of law, (b) the decision in Pion v.Southern New England Telephone, supra, precludes a finding that the existence of the utility pole had a natural tendency to create a danger or constitute an unreasonable use of land; (c) the defendant owed no duty to the plaintiff; and (d) because the plaintiff's allegations of absolute nuisance allege negligent rather than intentional conduct.
The plaintiff argues that summary judgment should not be granted on the ground that (1) Pion v. Southern New EnglandTelephone Company is not controlling precedent for purposes of the plaintiff's negligence claims, or, in the alternative, that the Pion case, supra, was incorrectly decided; and (2) that the plaintiff has alleged all necessary elements of a private nuisance.
A. Negligence Counts
In the recent case of Pion v. Southern New EnglandTelephone Company, supra, the Connecticut Appellate Court was CT Page 10046 asked to consider "whether the defendant telephone company owe[d] a duty of care to a person traveling in the road who accidentally veers off the road and collides with the defendant's telephone pole, which is located on private property, is surrounded by trees, and is located some distance from the shoulder of the road." Pion v. Southern New EnglandTelephone Company, 44 Conn. App. 661-62. From that case, the following facts emerge. The plaintiff was riding a bicycle when he suddenly drifted from the road and struck a repeater box thereby sustaining serious injury. Id. 658. The only eye-witness to the accident stated that he and the plaintiff had ridden on the road many times without veering off the road at that spot. Id. 658-59. The witness "described the telephone pole as being on a strip of grass between a white fence and the road. He stated that the distance between the fence and the shoulder of the road [was] three feet." Id. 659. Subsequently, the plaintiff brought an action in two counts. Count one alleged negligence on the part of the defendant. Count two alleged reckless, wanton, and wilful conduct on the part of the defendant. The Appellate Court affirmed the trial court's granting of summary judgment for the defendant stating that "[w]e conclude that the trial court was correct in its determination, as a matter of law, that the defendant could not reasonably foresee the possibility of an accident such as the plaintiff's and that even if such a possibility existed, it was too remote to create a duty to the plaintiff." Id. 664.
In this case, the court concludes that the Pion case is directly on point with the facts in this case, and that the plaintiff's arguments to the contrary are unavailing. The plaintiff was injured in an automobile accident in which the driver of the car veered off the road and struck a telephone pole as a result of a disturbance inside the vehicle. The plaintiff has testified that she has driven down the road with the driver of the automobile on numerous occasions. The driver has testified that she has never veered from the road in the manner in which she did on that day. The police report indicates that the location of the pole was approximately two feet, eight inches from the shoulder of the road.[4] In addition, the defendants have provided the affidavit of Barry Juhasz, engineer for Southern New England Company, who states that the pole was placed in its present location in 1939, and that since that time it has never been struck by an automobile nor has it required replacement as a result of damage caused by an automobile. The plaintiff has provided no evidence to CT Page 10047 contradict these assertions.
"There can be no actionable negligence unless there exists a cognizable duty of care. Whether a duty of care exists is a question of law to be decided by the court." (Ellipses omitted.) Id. 660. The defendants' motion for summary judgment as to negligence is granted on the ground that, based on the holding in Pion, the plaintiff has failed to establish that the defendants owed a duty of care to the plaintiff.[5]
B. Nuisance
As a preliminary matter, the plaintiff has conceded that her negligent nuisance claims are inapposite to the facts in this case and has withdrawn as to those claims. However, the plaintiff contends that the defendants' motion for summary judgment should be denied as to absolute nuisance claims on the ground that it has stated a valid claim of absolute nuisance under either a private nuisance theory or a public nuisance theory.
"A public nuisance exists if: (1) the condition complained of has a natural tendency to create danger and inflict injury upon person or property; (2) the danger created is a continuing one; (3) the use of the land is unreasonable or unlawful; and (4) the condition or conduct complained of interferes with a right common to the general public." Keeney v. Town of OldSaybrook, 237 Conn. 135, 162-63, 676 A.2d 795 (1996). A private nuisance exists if the plaintiff establishes that (1) "the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; [and] (4) the existence of the nuisance was the proximate cause of the plaintiff's injuries and damages." Filisko v. Bridgeport Hydraulic Co.,176 Conn. 33, 35-36, 404 A.2d 889 (1978). To establish an absolute nuisance, the plaintiff must establish intentional conduct on the part of the defendant. State v. Tippett-Abbett-McCarthy-Stratton,204 Conn. 177, 183, 527 A.2d 688 (1987).
In her complaint, the plaintiff has alleged the following facts, among others, sufficient to sustain a claim for nuisance: (1) she was injured while in the exercise of the public right to travel on a public road; (2) the injury occurred as a result of a foreseeable deviation; (3) the CT Page 10048 telephone pole so placed posed a continual and natural tendency to create danger and inflict injury upon a person or property; (4) the defendants failed to change the location of the utility pole; (5) the defendants failed to place the utility pole in a location far enough away from the road as to prevent harm to travellers on said roadway; and (6) as a result of the defendants' failure to move or replace the pole, the plaintiff was injured.
"Whether the elements necessary to establish a claim of nuisance have been proven is a question of fact which is ordinarily determined by the trier of fact." (Ellipsis omitted.) Tomasso Bros., Inc. v. October Twenty-Four, Inc.,221 Conn. 194, 197, 602 A.2d 1011 (1992). "Summary judgment procedure is particularly inappropriate where the references which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions." Suarezv. Dickmont Plastics Corp., 229 Conn. 99, 111, 639 A.2d 507
(1994). The defendants' motion for summary judgment as to the plaintiff's absolute nuisance claims is denied on the ground that there are issues of fact that require a jury's determination.
IV. Conclusion
The defendant's motion for summary judgment is granted as to counts one, three, and seven on the ground that the defendants' owe no duty of care to the plaintiff, and denied as to counts two, five, and eight on the ground that there remain outstanding issues of material fact.
Handy, J.