JARRETT PION *v.* SOUTHERN NEW ENGLAND
TELEPHONE COMPANY
(15632)

Dupont, C. J., and Spear and Hennessy, Js.

Submitted on briefs January 29—officially released April 8, 1997

*Timothy C. Spayne* and *Donald E. Leone* filed a brief for the appellant (plaintiff).

*Eugene A. Cooney* and *Sharone G. Kornman* filed a brief for the appellee (defendant).

DUPONT, C. J. The plaintiff appeals from the summary judgment rendered in favor of the defendant. The plaintiff claims that genuine issues of material fact exist that preclude judgment for the defendant as a matter of law. We disagree and affirm the judgment of the trial court.

The relevant uncontroverted facts are those that follow. The plaintiff Jarrett Pion filed this action, through his parents, alleging that on August 8, 1990, he sustained multiple injuries when, while riding his bicycle, the "bicycle drifted" and he "violently struck a repeater box and cross arm support braces that were mounted" on a telephone pole owned, controlled and maintained by the defendant. The investigative report by the state police contained information that between 1 p.m. and 2 p.m., the plaintiff was riding his bicycle south on Day Street in the town of Brooklyn. He was accompanied by a friend, Daniel Turner, who was also riding a bicycle. The weather was clear, but the roads were wet in spots from an earlier rain shower. The plaintiff and Turner were riding downhill at a high rate of speed when the plaintiff veered off to the right side of the road and collided with an electric signal repeater box and the telephone pole on which it was mounted, both of which were owned and operated by the defendant. The plaintiff sustained serious head injuries when he made impact with the wooden cross beams that supported the repeater box. The repeater box and cross beams were located four feet from the ground. The telephone pole was located on private property.

Turner was the only eyewitness to the accident. He gave a statement to the police, and was also deposed. Turner testified in his deposition that he and the plaintiff had ridden their bicycles down the hill on Day Street

hundreds of times, and that neither of them had ever veered off the road before. Turner described the telephone pole as being on a strip of grass between a white fence and the road. He stated that the distance from the fence to the shoulder of the road is three feet. Turner also stated that there are some trees on the strip of grass between the grass and the road, so that it would be nearly impossible to ride a bicycle on the grass. He also stated that the ordinary place to ride a bicycle on Day Street was in the road and not on the shoulder.

The plaintiff filed a two count complaint. The first count alleged that the defendant was negligent in its placement of the repeater box and in failing to warn adequately of its presence. The second count is identical to the first, except that it alleges that the defendant was reckless, wanton and wilful. The defendant raised two special defenses to both counts, contributory negligence and the barring of both claims by the applicable statute of limitations.

The standard of review for summary judgment is well established. "Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore,

cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Citation omitted; internal quotation marks omitted.) *Home Ins. Co.* v. *Aetna Life & Casualty Co.*, 235 Conn. 185, 202, 663 A.2d 1001 (1995); see also Practice Book § 384.

The defendant attached the police report and Turner's deposition to its motion for summary judgment. The plaintiff's opposition referred to a statement made by Turner on February 22, 1991, to Turner's deposition and to the police report. The parties agree as to the circumstances surrounding the accident, the extent of the plaintiff's injuries and the location and characteristics of the telephone pole.

The dispositive issue on appeal is whether the defendant owed a duty of care to the plaintiff. The trial court concluded that, as a matter of law, the defendant did not owe the plaintiff any duty. The issue of whether a defendant owes a duty of care is an appropriate matter for summary judgment because the question is one of law. "There can be no actionable negligence . . . unless there exists a cognizable duty of care. . . . Whether a duty of care exists is a question of law to be decided by the court." (Citations omitted.) *Waters* v. *Autuori*, 236 Conn. 820, 826, 676 A.2d 357 (1996).

"The nature of the duty, and the specific persons to whom it is owed, are determined by the circumstances surrounding the conduct of the individual. . . . Although it has been said that no universal test for [duty] ever has been formulated . . . our threshold inquiry has always been whether the specific harm alleged by the plaintiff was foreseeable to the defendant. The ultimate test of the existence of the duty to use care is found in the foreseeability that harm may result if it is not exercised. . . . By that is not meant that one charged with negligence must be found actually to have foreseen the probability of harm or that the

particular injury which resulted was foreseeable, but the test is, would the ordinary [person] in the defendant's position, knowing what he knew or should have known, anticipate that harm of the general nature of that suffered was likely to result? . . . Thus, initially, if it is not foreseeable to a reasonable person in the defendant's position that harm of the type alleged would result from the defendant's actions to a particular plaintiff, the question of the existence of a duty to use due care is foreclosed, and no cause of action can be maintained by the plaintiff." (Internal quotation marks omitted.) *Clohessy* v. *Bachelor*, 237 Conn. 31, 45, 675 A.2d 852 (1996).

Foreseeability of the mere possibility of such an accident does not create a duty. "A simple conclusion that the harm to the plaintiff was foreseeable . . . cannot by itself mandate a determination that a legal duty exists. Many harms are quite literally 'foreseeable,' yet for pragmatic reasons, no recovery is allowed. . . . A further inquiry must be made, for we recognize that 'duty' is not sacrosanct in itself, but is only an expression of the sum total of those considerations of policy which lead the law to say that the plaintiff is entitled to protection. . . . While it may seem that there should be a remedy for every wrong, this is an ideal limited perforce by the realities of this world. Every injury has ramifying consequences, like the ripplings of the waters, without end. The problem for the law is to limit the legal consequences of wrongs to a controllable degree. . . . The final step in the duty inquiry, then, is to make a determination of the fundamental policy of the law, as to whether the defendant's responsibility should extend to such results." (Internal quotation marks omitted.) Id., 45–46.

Specifically, the facts of this case concern whether the defendant telephone company owes a duty of care to a person traveling in the road who accidentally veers

off the road and collides with the defendant's telephone pole, which is located on private property, is surrounded by trees, and is located some distance from the shoulder of the road. The Restatement (Second) of Torts sets forth the duty owed to travelers of public roads by adjacent landowners. "Conditions Dangerous to Travelers on Adjacent Highway. A possessor of land who creates or permits to remain thereon an excavation or other artificial condition so near an existing highway that he realizes or should realize that it involves an unreasonable risk to others accidentally brought into contact with such condition while traveling with reasonable care upon the highway, is subject to liability for physical harm thereby to persons who (a) are traveling on the highway, or (b) foreseeably deviate from it in the ordinary course of travel." 2 Restatement (Second), Torts § 368 (1965).

Section 368 (b) applies to this case. The trial court concluded, on the basis of the police report and Turner's deposition testimony, that the plaintiff's deviation from the road was not in the ordinary course of travel. This conclusion precluded the need for any further factual findings. Turner stated in his deposition that although he and the plaintiff had ridden down the Day Street hill on many occasions, neither of them had ever ridden on the shoulder or on the grass. He also testified that it was customary for bicycle riders to ride in the middle of Day Street, rather than off to the side or on the shoulder, because the trees and grass on the side of the road made riding there nearly impossible. The plaintiff did not produce any affidavits or other proof pursuant to Practice Book § 384 to counter this evidence.[1]

---

[1] In fact, with the exception of Turner's February 22, 1991 statement, the plaintiff offered the same documents in his opposition as the defendant offered in its motion for summary judgment. The February 22, 1991 statement is consistent with the deposition in all relevant areas.

The plaintiff claims in his brief that the trial court improperly relied on Turner's deposition, arguing that if the case had gone to trial, the plaintiff would have had the opportunity to refute it with the testimony of an expert. He claims that an expert would testify at trial to the defendant's negligence, but gives no indication of the possible content or what facts would disprove the factual predicates of § 368 of the Restatement of Torts.

The party opposing a motion for summary judgment "must present evidence that demonstrates the existence of some disputed factual issue . . . . The movant has the burden of showing the nonexistence of such issues but the evidence thus presented, if otherwise sufficient, is not rebutted by the bald statement that an issue of fact does exist. . . . To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts . . . which contradict those stated in the movant's affidavits and documents." (Citations omitted; internal quotation marks omitted.) *Hammer* v. *Lumberman's Mutual Casualty Co.*, 214 Conn. 573, 578–79, 573 A.2d 699 (1990). The opposing party to a motion for summary judgment "must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . The existence of the genuine issue of material fact must be demonstrated by counter-affidavits and concrete evidence." (Citation omitted; internal quotation marks omitted.) *2830 Whitney Avenue Corp.* v. *Heritage Canal Development Associates, Inc.*, 33 Conn. App. 563, 567, 636 A.2d 1377 (1994).

The plaintiff argues that the questions of whether the deviation from the road was foreseeable and whether the plaintiff was riding his bicycle with due care are factual issues that should have gone to a jury. Although foreseeability is a necessary component of duty; *Waters* v. *Autuori*, supra, 236 Conn. 827; "the conclusion that a particular injury to a particular plaintiff or class of

plaintiffs possibly is foreseeable does not, in itself, create a duty of care. . . . [F]oreseeability is not commensurate with duty, and proof of foreseeability does not establish the existence of a duty of care." (Citations omitted; internal quotation marks omitted.) Id., 827–28.

We conclude that the trial court was correct in its determination, as a matter of law, that the defendant could not reasonably foresee the possibility of an accident such as the plaintiff's and that even if such a possibility existed, it was too remote to create a duty to the plaintiff. *Clohessy* v. *Bachelor*, supra, 237 Conn. 45–46.

The judgment is affirmed.

In this opinion the other judges concurred.

