[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision on Certain Defendants' Motion for SummaryJudgment
This motion was filed by the defendant Century Indemnity Co. and joined by the defendants Granite State Insurance Company, National Union Fire Insurance Company of Pittsburgh, Pennsylvania, the Home Insurance Company, and American Home Assurance Company.
The defendants claim that the plaintiff (Reichold) is unable to make out a prima facia case against them pursuant to the facts alleged in counts 41 thru 44 of the fourth amended complaint, dated October 19, 1992.
These counts allege a cause of action against the defendant insurers arising out of pollution damage which occurred at the plaintiff's Columbia, Mississippi plant.
The pertinent allegations contained in the counts are simply that Reichold may be liable to certain third parties for environmental damage at the Columbia site, and that these defendants are liable to Reichold pursuant to insurance contracts it holds with the defendants for various periods when the alleged damage occurred.
No specific facts are pleaded as to the particular incidents involved. Consequently, plaintiffs may prove a variety of facts relevant to its claims of insurance coverage.
Before discussing the issues of fact arising out of this motion, it is appropriate that some legal issues raised by the parties be addressed.
The plaintiffs continue to claim that New York law does not apply in this case but that Mississippi law is controlling. This court has previously ruled that New York law does apply. Such ruling remains in effect. Also, the recent case of NorthvilleIndustries Corp. v. National Union Fire Ins. Co., No. 37 (Ct. App. March 25, 1997) imposes the burden on the plaintiff to prove CT Page 4830 that the pollution discharge was sudden and accidental.
The plaintiffs have raised a claim that even if certain policies in issue here use the more stringent language of "a sudden unintended and unexpected happening", such language should not apply because such language was not approved by the New York regulatory authority.
This court declines to consider this claim because it was not timely or correctly filed procedurally.
Lastly, the defendants have asked the court to consider summary judgment as to the factual issues in part, as well as the whole, i.e. to grant summary judgment as to certain factual claims and not others if the court finds proof as to certain claims but not others.
Traditionally, courts in Connecticut do not grant partial summary judgment in cases unless they involve separate legal theories. Connecticut Ins. Guaranty Ass'n. v. Union CarbideCorp., 217 Conn. 371 (1991).
This motion for summary judgment has evolved over a dispute as to the adequacy of proof as to five separate claims of insurance coverage concerning the Columbia Mississippi site. These claims are not factually specified in the four counts. This court will therefore consider the motion as to the four counts unseparated as to the individual factual claims.
The plaintiff has, in response to this motion, alleged five factual claims of sudden and accidental discharge of chemicals warranting coverage by the defendant insurers. They may be anecdotally characterized as the following incidents: (1) drum burials, (2) fire and explosion, (3) xylene spill, (4) flood and heavy rain, (5) repeated kettle spills and boilovers.
The Plaintiff has conceded in oral argument that it lacks sufficient proof and does not claim liability pursuant to: (1) drum burials; it concedes that it cannot prevail as to (2) fire and explosion because it occurred after any and all insurance policies had expired. It does claim that there exists sufficient evidence to withstand this motion for summary judgment as to numbers 3-5.
The law on summary judgment in Connecticut is clear. It was CT Page 4831 restated by our Appellate Court as recently as April 8, 1997 inPion v. Southern New England Telephone Co., 44 Conn. App. 657
(1997). The opinion states as follows:
"The standard of review for summary judgments is well established. `Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court . . .," citing Home Ins.Co. v. Aetna Life Casualty Co., 255 Conn. 185, 202 (1995); see also Practice Book § 384.
The plaintiff has submitted by affidavits evidence to support its claim and withstand the motion for summary judgment.
As to the allegations contained in (3) xylene spill, the plaintiff's affidavit claims the spilling took place between the period of 1975 and 1977, part of which is within the policy period.
As to claims under (4) flood and heavy rain, the affidavit of Mr. Reardon indicates the damage occurred between 1979 and 1983. This would, of course, eliminate the defendants National Union Insurance Company after 1980 and Granite State from liability as to any occurrences after 1983.
As to the claim of (5) repeated kettle spills and boilovers, the plaintiffs have presented the depositions of Earl Daniel Dyess, Stanley L. Gibson, and Harry L. Breeland, which attest that the spills and boilovers were occasional and not commonplace as contended by the defendants. This, of course, creates an issue of fact for the trier. CT Page 4832
The motion for summary judgment is denied.
Freed, J.