[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS TO LIABILITY ONLY
This is a personal injury action arising out of a motor vehicle collision that occurred on or about January 8, 1997 at the intersection of Toelles Road and South Colony Road in Wallingford, Connecticut.
The plaintiff, William Paige ("Paige") has moved to summary judgment on the issue of liability only. Paige claims that the accident resulted from the defendant, Forman Romans, III ("Romans") proceeding through a red traffic signal and colliding with Paige's vehicle. In support of his motion, Paige has submitted: (1) the police report concerning the investigation of the accident; (2) Romans admission that he did not see the light change to red; and (3) Paige's affidavit stating that he proceeded into the intersection through a green traffic light and further stating that a witness to the accident, Kathy Moran, told Paige that Romans went through a red light. Based upon this submission, Paige asserts that there is no genuine issue of material fact as to liability and that he is entitled to summary judgment on that issue. Romans has not filed an opposing affidavit or pleading.
A motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried Wilson v. New Haven, 213 Conn. 277, 279 (1989). As the party moving for summary judgment, the plaintiff is required to support its motion with supporting documentation, including affidavits. Heyman Associates No. 1 v. Insurance Co. ofPennsylvania, 231 Conn. 756, 796 (1995). Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact, a party opposing summary judgment must substantiate its adverse claim by showing that CT Page 3950 there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. Home Ins. Co.v. Aetna Life Casualty, 235 Conn. 185, 202 (1995). "The existence of the genuine issue of material fact must be demonstrated by counter affidavits and concrete evidence." Pionv. Southern New England Telephone Co., 44 Conn. App. 657, 663
(1997).
Applying the above law to this case, summary judgment on the issue of liability should enter in favor of Paige. The uncontradicted evidence is that Romans illegally proceeded into the intersection through a red traffic signal and collided with Paige who has entered the intersection through a green light. Romans conduct violates General Statutes § 14-299 and is negligence per se.[1]
For the reasons set forth above, summary judgment on the issue of liability only shall enter in favor of Paige and against Romans.
So ordered at New Haven, Connecticut this 29th
day of March 1999.
Devlin, J.