[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (DOCKET ENTRY NO. 113)
In this action, the plaintiff, Pequonnock Yacht Club, seeks temporary and permanent injunctive relief to restrain the defendants, the city of Bridgeport, the Bridgeport redevelopment agency and the Bridgeport port authority, from acquiring its waterfront property by eminent domain pursuant to the city's Harbour Place/Steel Point redevelopment plan. The defendants now move for summary judgment on the ground that the plaintiff has failed to state a legally sufficient cause of action.
The plaintiff alleges the following facts. The plaintiff, a private yacht club with approximately three hundred members, owns property on Bridgeport harbor supporting a marina and two hundred boat slips, and is a "water dependent user" under the Coastal Management Act of Connecticut, General Statutes § 22a-93 et seq. The yacht club facility has existed on the property for over ninety-five years, and is located within the boundaries of the Harbour Place/Steel Point redevelopment project. In September, 1999, the Bridgeport city council voted to acquire the plaintiff's property. In December, 1999, the defendants issued a notice of taking. The defendants have informed the plaintiff that they will assist in finding a suitable relocation site for its waterfront facilities, but no site that the plaintiff deems suitable has yet been identified. The plaintiff accordingly seeks injunctive relief to restrain the defendants from condemning its property. CT Page 2555
"The standard of review for summary judgment is well established. Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court . . . ." (Internal quotation marks omitted.) Maffucci v. Royal Park Ltd.Partnership, 243 Conn. 552, 554, 707 A.2d 15 (1998).
"Once it is established that a particular fact is `material' to the outcome of the case, it must be determined whether or not there is any `genuine issue' as to that fact. This, in turn, depends both on the contents of the challenged pleading and on the nature and quality of the parties' competing proof. . . . Therefore, if a party omits from his complaint an essential element of his claim or cause of action, he can be barred by timely objection from producing any proof of that element at trial. There can be `no genuine issue' as to any unpleaded fact because that fact has not been placed in issue at all.
"Similarly, there can be no genuine issue as to any material fact which though duly pleaded, is claimed to exist based solely upon predicate facts which do not establish it as a matter of law. . . .
"Against this background, Ethel Court . . . may properly grant a motion for summary judgment based on the proven insufficiency of a plaintiff's challenged count or pleading to state a claim upon which relief can be granted." Shareamerica Inc. v. Ernst Young, supra, Superior Court, Docket No. 150132.
In the present case, the defendants have filed their answer to the plaintiff's complaint and the pleadings are closed. Accordingly, the defendants' challenge to the legal sufficiency CT Page 2556 of the plaintiff's complaint is a proper basis upon which to consider granting summary judgment. See Bennett v. Lindsay, judicial district of New Haven, Superior Court, Docket No. 389401 (July 6, 1999, Levin, J.)
The defendants initially argue that the plaintiff's request for injunctive relief is legally insufficient because the plaintiff has failed to demonstrate a likelihood of success on the merits and the balance of public interests tips decidedly in the defendants' favor. The plaintiff replies that the complaint raises genuine issues as to the legality and necessity of the taking, and that the defendants are estopped from condemning the property.
"Relief by way of a mandatory injunction is an extraordinary remedy granted in the sound discretion of the court and only under compelling circumstances." (Internal quotation marks omitted.) Monroe v. Middlebury Conservation Commission,187 Conn. 476, 480, 447 A.2d 1 (1982).
In most cases, "[a] party seeking injunctive relief has the burden of alleging and proving irreparable harm and lack of an adequate remedy at law. . . ." (Internal quotation marks omitted.) Scinto v. Sosin, 51 Conn. App. 222, 245, 721 A.2d 552
(1998). Once a party has pleaded the necessary elements, the court typically considers four factors in deciding to grant injunctive relief: 1) whether the plaintiff has no adequate remedy at law, 2) whether the plaintiff would suffer irreparable harm if the injunction were not granted, 3) whether the plaintiff has a reasonable probability of success on the merits, and 4) whether a balancing of the "equities" favors granting a temporary injunction. See Griffin Hospital v. Commission on Hospitals,196 Conn. 451, 457-59, 493 A.2d 229 (1985).
A different standard applies, however, where injunctive relief is sought to prevent a public agency from condemning property for redevelopment purposes. See United Oil v. Urban RedevelopmentCommission, 158 Conn. 364, 381, 260 A.2d 596 (1969). "Municipal authorities have broad powers to effectuate an urban redevelopment plan . . . and so long as they act within the limits of the formal powers conferred upon them and in due form of law the power of the courts to supervise, review or restrain them is necessarily limited. But when those powers are exceeded or exercised unreasonably or in bad faith . . . their actions are open to judicial review." (Citation omitted.) Id. Thus, "the CT Page 2557 condemnee in a redevelopment case may secure a judicial review of the necessity and legality of the taking and has the opportunity of alleging and proving its illegal character in any of the respects alleged, and if he sustains his burden of proof he may secure injunctive relief." Fishman v. Stamford, 159 Conn. 116,121, 267 A.2d 443 (1970); see also Gohld Realty Co. v. Hartford,141 Conn. 135, 146, 104 A.2d 365 (1954) (stating that where the legislature has delegated the power to take property by eminent domain to a public agency, the decision of such an agency is conclusive and open to judicial review "only to discover if it was unreasonable, or in bad faith or was an abuse of the power conferred.")
Here, the defendants incorrectly refer to standards applied in cases that do not involve the taking of property by eminent domain for redevelopment purposes. See Fish Unlimited v.Northeast Utilities Service, supra, Superior Court, Docket No. 587693. Furthermore, the defendants confuse the plaintiff's
burden in a non-redevelopment context, which is limited to alleging irreparable harm and lack of an adequate remedy at law, with the multiple factors a court must consider in deciding to grant injunctive relief. See id. Accordingly, the defendants refer to the wrong legal standard, and arguments regarding the plaintiff's likelihood of success on the merits and balancing of the equities are irrelevant in determining the legal sufficiency of the plaintiff's complaint.
The defendant also argues that the plaintiff's complaint is legally insufficient because there are no genuine issues of material fact. The plaintiff counters, however, that there is a genuine issue between the parties as to whether the defendants have violated the eminent domain statutes. The plaintiff observes that the city's general plan incorporates state policies regarding coastal development, and that these policies accord highest priority and preference in the use of shore front property to water dependent users. The plaintiff contends further that the defendants have violated such policies because immediate condemnation will displace the plaintiff's facilities with no possibility of relocation to another suitable site. The plaintiff also claims that coastal management land use policies require that the defendants have a documented plan to replace the plaintiff's facilities with another water dependent use before
initiating condemnation proceedings, and that the defendants do not yet have such a plan. The defendants reply that there is no genuine issue regarding alleged illegality in the condemnation CT Page 2558 process because they have fully complied with state and local coastal management land use policies.
In a motion for summary judgment, a party's conclusory statements may not "constitute evidence sufficient to establish the existence of disputed material facts." Gupta v. New BritainGeneral Hospital, 239 Conn. 574, 583, 687 A.2d 111 (1996). "The existence of [a] genuine issue of material fact must be demonstrated by counteraffidavits and concrete evidence." (Internal quotation marks omitted.) Pion v. Southern New EnglandTelephone, 44 Conn. App. 657, 663, 691 A.2d 1107 (1997). Here, although the plaintiff has pleaded illegality, the allegations are not supported by predicate facts to establish illegality as a matter of law. See Shareamerica Inc. v. Ernst Young, supra, Superior Court, Docket No. 150132. The plaintiff's allegation that condemnation of its property is illegal because there is no possibility of relocation is mere conjecture as to the outcome of its ongoing search to find a suitable relocation site, and does not constitute the factual or evidentiary proof required to support its claim. See id. The plaintiff's second allegation, that the defendants must have a definite and specific plan for reuse of its property before commencing eminent domain proceedings, is similarly unsubstantiated. So-called "representations" in the defendants' Final Environmental Impact Evaluation Statement, which are quoted in the plaintiff's memorandum, allude to state and local policies giving highest priority to water dependent uses in coastal areas and to the goal of relocating existing Steel Point water dependent users to other waterfront sites. However, the quoted "representations" make no reference whatsoever to a requirement that there be a documented redevelopment plan for a specific site before it can be condemned. (See Plaintiff's Memorandum, p. 11-16.) Accordingly, because the plaintiff fails to provide factual support for its allegation of illegality, there can be no genuine issue between the parties on that ground. See Shareamerica Inc. v. Ernst Young, supra, Superior Court, Docket No. 150132.
The plaintiff next argues that a genuine issue exists regarding the necessity of condemning its property. The plaintiff contends that condemnation is unnecessary because the marina is in excellent condition, it provides a valuable recreational use and the defendants have not articulated any reason why the marina cannot be integrated into the Steel Point urban renewal plan, which envisions water dependent uses along the shoreline. The defendants reply that the time for challenging the necessity of CT Page 2559 the taking is long past; that the necessity for taking property in a redevelopment area is determined not by the condition of the individual property, but by the condition of the general area; and that it is not unreasonable for an agency to determine that the acquisition of property is essential for the completion of an adequate unit of development.
In this instance, the plaintiff's allegation that there is no necessity for condemning its property is legally sufficient, because predicate facts to establish lack of necessity as a matter of law are also alleged regarding the condition of the marina and its potential compatibility with future redevelopment. See Shareamerica Inc. v. Ernst Young, supra, Superior Court, Docket No. 150132. Furthermore, the defendants dispute the plaintiff's allegations. (See Defendants' Reply Memorandum, p. 10-11.)
Accordingly, a genuine issue of material fact exists as to the necessity of condemning the plaintiff's property for redevelopment purposes. Therefore, the defendant's motion for summary judgment is denied.
SKOLNICK, J.