[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT
On February 22, 2000, the Plaintiff filed its motion for summary judgment in the above captioned matter. The Defendants objected. Memoranda of law were filed as required. The Plaintiff seeks judgment against the Defendants on a certain promissory noted dated April 10, 1995 and executed in consideration of the sale of a business to the Defendants. The Defendants in their counterclaims allege fraud and misrepresentation; specifically for fraudulent misrepresentation in count one, for negligent misrepresentation in court two and for innocent misrepresentation in count three. For the reasons set forth below, the court denies the motion.
Plaintiff argues that after the Defendants' default on the note, the Plaintiff accelerated the note and the entire sum is now due and payable. Further, it claims that the written contract between the parties contains an "integration" clause stating that the written agreement contains the entire agreement and understanding between the parties and that no representations or promises other than those contained within the agreement were being relied upon by the parties. Therefore, it argues, it is entitled to judgment as a matter of law on the complaint and against the Defendants on the counterclaims because there is no genuine and material issue of fact.
1. Standard of Review
"[Summary judgment] is appropriate only if a fair and reasonable person could conclude in only one way......A summary disposition......should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party. . . . [A] directed verdict may be rendered only where, on the evidence viewed in the light most favorable to thenonmovant, the trier of fact could not reasonably reach any other conclusion that that embodied in the verdict as directed." (Internalcitations omitted. Emphasis in original.) Miller v. UnitedTechnologies Corp., 233 Conn. 732, 751, 660 A.2d 810 (1995). "The existence of the genuine issue of material fact must be demonstrated CT Page 5405 by counter affidavits and concrete evidence." (Internal citationsomitted.) Prion v. Southern New England Telephone, 44 Conn. App. 657,663, 691 A.2d 1107 (1997).
2. Discussion
While the Defendants' brief contains persuasive arguments why the motion should be denied, it is not necessary to reach such a detailed level of legal inquiry. There is an obvious logical fallacy with the Plaintiff's argument. Plaintiff, in its motion for summary judgment, seeks to explain away and have the court overlook certain facts alleged by the Defendants. Specifically the facts to be ignored are that there were representations made that induced the Defendants to enter into the agreement to purchase the business. Those representations, it is claimed, were made well prior to the execution of that agreement. In addition, the meaning and enforceability of an integration clause in the context of this dispute also presents a genuine and material issue of fact to be resolved by the trier of act. And finally, applying the law to the issues raised in this dispute leads inexorably to the same conclusion. If the allegations of the counterclaims, as they are those of the nonmovant, are to be viewed in the light most favorable to that party, then it follows that the Plaintiff has most clearly demonstrated that there is a genuine and material issue of fact, indeed several such issues to be resolved by the trier of fact. Defendants have filed affidavits and a deposition in support of their objection, which further demonstrate the existence of such disputed facts. Without question, under this state of the pleadings, a motion for summary judgement does not lie. For the foregoing reasons, the motion for summary judgment is denied.
___________________ Barbara M. Quinn, Judge