[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum
Plaintiff seeks damages for the death of her daughter as a result of a motor vehicle accident which occurred on a roadway adjacent to Route 8 in Naugatuck. The decedent was a passenger in a car driven by the apportionment defendant Robin Cullen. Cullen was operating her car southbound in the northbound lane of South Main Street while under the influence of alcohol. The vehicle left the road, traveled onto a grass area adjacent to the Route 8 southbound entrance ramp 29, drove over a dirt mound and overturned, resulting in the death of Suzanne Soares. At the time of the accident, Cullen's vehicle was operating with only one head lamp.
The defendant George A. Tomasso Construction Co. was improving and resurfacing the roadway of Route 8 in the location where the accident occurred. The plaintiff alleges that Tomasso utilized the area adjacent to entrance ramp 29 for construction activities and that it negligently created and/or maintained a large pile of earth at the site of the accident. It was this pile of earth that Cullen's car, after leaving the road, drove over, causing it to flip and resulting in plaintiffs death. The plaintiff alleges that Tomasso's negligence in creating this mound proximately caused the accident and ensuing death of Suzanne Soares.
In its motion for summary judgment Tomasso argues that under the circumstances of this case, it owed no duty to the plaintiff and therefore is not liable for her death. The parties agree that "there can be no actionable negligence . . . unless there exists a cognizable duty of care . . . Whether a duty of care exists is a question of law to be decided by the court." Waters v. Autuori, 236 Conn. 820, 826 (1996). The principles governing the defendant's claim are set forth in Pion v.Southern New England Telephone Co., 44 Conn. App. 657, 660-61 (1997): "The nature of the duty, and the specific persons to whom it is owed, are determined by the circumstances surrounding the conduct of the individual . . . Although it has been said that no universal test for [duty] ever has been formulated . . . our threshold inquiry has always been whether the specific harm alleged by the plaintiff was foreseeable to the defendant. The ultimate test of the existence of the duty to use care is found in the foreseeability that harm may result if it is not exercised . . . By that is not meant that one charged with negligence must be found actually to have foreseen the probability of harm or that the particular injury which resulted was foreseeable, but the test is, would the CT Page 6704-i ordinary [person] in the defendant's position, knowing what he knew or should have known, anticipate that harm of the general nature of that suffered was likely to result?" (Citations omitted.)
In Pion, the court considered whether the telephone company owed a duty of care to a person traveling in the road who accidentally veered off the road and collided with the defendant's telephone pole. The pole was located on private property, surrounded by trees and located some distance from the shoulder of the road. In resolving that issue, the court relied on 2 Restatement (Second) § 368 (1965) which provides that "[A] possessor of land who creates or permits to remain thereon an excavation or other artificial condition so near an existing highway that he realizes or should realize that it involves an unreasonable risk to others accidentally brought into contact with such condition while traveling with reasonable care upon the highway, is subject to liability for physical harm thereby to persons who (a) are traveling on the highway, or (b) foreseeably deviate from it in the ordinary course of travel."
The plaintiff in Pion was a youngster who was riding a bicycle which "drifted" off the road striking on the shoulder a repeater box mounted on a pole owned by the telephone company. The plaintiff had ridden his bicycle in this same location hundreds of times and had never veered off the road before. He acknowledged that the proper location for riding his bike was on the road, not on the shoulder. Based on these facts the trial court granted the defendant's motion for summary judgment, concluding that the "plaintiffs deviation from the road was not in the ordinary course of travel" within the meaning of § 368(b) of 2 Restatement (Second) Torts. The Appellate Court affirmed, holding that the "trial court was correct in its determination, as a matter of law, that the defendant could not reasonably foresee the possibility of an accident such as the plaintiffs and that even if such a possibility existed, it was too remote to create a duty to the plaintiff." Pion v. Southern NewEngland Telephone Co., supra, 44 Conn. App. at 664.
In this matter, it was not foreseeable that the vehicle in which the decedent was a passenger would deviate from the roadway in "the ordinary course of travel." It is undisputed that the operator of the vehicle, while legally intoxicated, drove her car in the opposite lane of traffic, and then left the road, driving over the mound of dirt in question, causing the car to overturn. The circumstances of the driver's operation of her vehicle, involving as it did, driving while under the influence in the wrong direction and then leaving the travel portion of the road, does not constitute use of the vehicle in the ordinary course of travel. Under CT Page 6704-j these circumstances the defendant "could not reasonably foresee the possibility of an accident such as plaintiffs." Pion v. Southern NewEngland Telephone Co., supra, 44 Conn. App. at 663.
The plaintiff attempts to factually distinguish Pion from the instant case, noting that the telephone pole in Pion was on public, not private property; that the pole served a public purpose; that Pion had traveled the roadway hundreds of times prior to the accident; and that the earth pile was not an obvious obstacle such as the telephone pole. While the distinctions identified by the plaintiff are accurate, they do not alter the legal conclusion in this case that the decedent's driver's deviation from the road was not in the ordinary course of travel. In fact, the Appellate court in Pion rejected Pion's claim that the trial court failed to make additional factual findings in addition to its conclusion thatPion's deviation from the roadway was not in the normal course of travel. In sustaining the trial court's ruling, the Appellate Court found that the trial court's conclusion that Pion's deviation was not in the normal course of travel "precluded the need for any further factual findings."Id. at 662.
Because the defendant did not owe a duty of care to the decedent, the defendant's motion for summary judgment is granted.
HOLZBERG, J.