[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' (BRIAN J. DONNELL AND HALLORAN SAGE) MOTION FOR SUMMARY JUDGMENT (#178)
This case arises from the October 11, 1994 settlement of a lawsuit captioned Della Construction Co. Inc. v. The Lane Construction Corp., Superior Court, judicial district of Hartford, Docket No. 381336 (Dellav. Lane). In that case, settlement was reached during trial and the stipulation was presented on the record in a closed courtroom. The file then was sealed by order of the trial judge.
The plaintiff Lane Construction Corporation (Lane) claims damages in this case on the basis that a provision of the settlement agreement critical to Lane's interest was the stipulation that the terms of the settlement would remain confidential except as to certain parties identified on the record, and such confidentiality has been breached by counsel for Della. Della was represented throughout Della v. Lane by Brian Donnell, Esq. (Donnell), a partner with the law firm of Halloran 
Sage. Lane contends that Attorney Donnell knew at the time of the DellaCT Page 11755v. Lane settlement that Della's interest in that litigation had been assigned to Chatham, Inc. (Chatham), a Florida corporation, and that unbeknownst to Lane, Chatham necessarily would learn the terms of the settlement, notwithstanding counsel's in court representation that confidentiality would be preserved. Having since learned about Chatham and its interest in Della v. Lane, Lane brought this action, as amended, naming as defendants Donnell and his law firm, among others, and claiming damages directly against Donnell for negligence (count five), fraudulent misrepresentation (count six), innocent misrepresentation (count seven), unfair trade practices (count eight), and breach of contract (count nine), and against Halloran Sage for vicarious liability as a result of the alleged actions and/or omissions of Donnell (count 11). Before the court is a motion for summary judgment by Donnell and Halloran Sage on all of these counts except count eight. Lane has opposed the motion.
Lane contends that Donnell and Halloran Sage knew about the assignment of Della's right, title and interest in Della v. Lane as early as January, 1994, and negligently, if not intentionally, failed to disclose their knowledge to Lane either before or during the October, 1994 closed court presentation of the stipulated settlement. Lane further contends that these defendants had a duty to disclose the fact of the assignment and the existence of Chatham because confidentiality was one of the basic and material terms of its agreement to settle with Della.
Donnell and Halloran Sage, on the other hand, contend that Donnell did not have personal knowledge nor did he have any means of knowing that Della had made any written assignment to Chatham of its interest in the litigation. At the same time, these defendants claim that the parties and their counsel understood at the October, 1994 closed court presentation of the stipulated settlement that any related entity of Della or Alled (Della's successor), and therefore Chatham by implication, were parties to the confidentiality stipulation. See affidavit of Brian J. Donnell (exhibit C) and transcript of the October 11, 1994, presentation of the settlement agreement before the trial court (exhibit B), attached to the defendants' memorandum in support of their supplemental motion for summary judgment (#178). Donnell and Halloran Sage further contend that they did not owe any legal duty to Lane to disclose information about the assignment.
Lane's objection to the motion before the court focuses almost exclusively on Donnell's knowledge or means of knowing about the assignment and existence of Chatham. The court notes, however, that even if Donnell and Halloran Sage possessed or had access to this information at the time of the underlying settlement, the essential question that remains is whether these defendants had any legal duty to disclose it to Lane in any way other than to reference it at the CT Page 11756 settlement presentation as an unnamed "related entity" of Dalla and/or Alled.[1] That is the question before the court on this motion for summary judgment.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material fact which, under applicable principles of substantive law, entitle him to judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted.)Appleton v. Board of Education, 254 Conn. 205, 209, ___ A.2d ___ (2000); Practice Book § 17-49. "The issue of whether a defendant owes a duty of care is an appropriate matter for summary judgment because the question is one of law." Pion v. Southern New England Telephone Co.,44 Conn. App. 657, 660, 691 A.2d 1107 (1997).
"A duty to use care may arise from a contract, from a statute, or from circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act."Coburn v. Lenox Homes, Inc., 186 Conn. 370, 375, 441 A.2d 620 (1982). "The existence of a duty is a question of law and only when such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand."Petriello v. Kalman, 215 Conn. 377, 382-83, 576 A.2d 474 (1990), quotingShore v. Stonington, 187 Conn. 147, 151-52, 444 A.2d 1379 (1982)
In its supplemental memorandum in reply to the defendants' June 12, 2000, motion for summary judgment, Lane argues that the duty to disclose the information in issue arises from Rule 3.3 of the Model Rules of Professional Conduct, adopted by the American Bar Association in August of 1983, and approved by the judges of the Connecticut Superior Court on October 1, 1986. That rule in pertinent part prohibits a lawyer from knowingly making a false statement of material fact or law to the court. Rule 3.3(a)(1), (2) and (4). Significantly, Lane does not cite one Connecticut case to support its argument that a violation of a rule of professional conduct provides a basis for civil liability.
The reason why Lane has no Connecticut authority to rely upon is clarified in the preamble to our rules. The preamble states, in pertinent part, that a "[v]iolation of a Rule should not give rise to a cause of CT Page 11757 action nor should it create any presumption that a legal duty has been breached. The Rules are designed to provide guidance to lawyers and to provide a structure for regulating conduct through disciplinary agencies. They are not designed to be a basis for civil liability. . . . Accordingly, nothing in the Rules should be deemed to augment any substantive legal duty of lawyers or the extra-disciplinary consequences of violating such a duty." Practice Book, Rules of Professional Conduct, Preamble (2000); see also Mozzochi v. Beck, 204 Conn. 490, 501 n. 7,529 A.2d 171 (1987); Noble v. Marshall, 23 Conn. App. 227, 231, 579 A.2d 594
(1990) (holding that plaintiff cannot recover for alleged violations of Rules of Professional Conduct).
Accordingly, the court finds as a matter of law that if they indeed had such knowledge, no cognizable duty of care was owed by Donnell and Halloran Sage to disclose any more information than they did during the October, 1994 presentation of the stipulated settlement of Della v.Lane. Summary judgment is granted in favor of these defendants as to counts five, six, seven, nine and eleven.
Robert F. McWeeny, J.