[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] SUPPLEMENTAL MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO REARGUE
The court issued a decision granting Allstate's motion for summary judgment. See Carnein v. Allstate Ins. Co., Superior Court, judicial district of New Britain, Docket No. 489419 (March 7, 2001, Shapiro, J.). Carnein filed a motion to reargue on March 27, 2001. The court denies the motion to reargue and issues this supplemental memorandum of decision to clarify its previous decision with regard to concerns raised by the motion. CT Page 5219
Carnein's motion quotes from pages seventeen and eighteen of this court's earlier decision and states that "[t]his is either a typographical error or a factual error." (Motion to Reargue, p. 1.) The quoted material to which she refers is taken from a portion of the decision the court considers to be dictum. As the court stated, "the court's determination that Carnein breached the consent clause is dispositive of this motion [for summary judgment], [however], the court notes that Allstate also argues that Carnein violated § 38a-336 by failing to exhaust all available liability insurance, including Longo's policy." Carnein v. Allstate Ins. Co., supra, Superior Court, Docket No. 489419. The discussion that followed briefly addressed Allstate's exhaustion argument; a more in-depth explanation was not necessary because the court's previous determination concerning the consent clause was sufficient to warrant granting of the motion for summary judgment.
Carnein's motion to reargue contends that Allstate cannot claim prejudice because Allstate allowed the statute of limitations for suing Longo to pass without filing a claim. Carnein further argues that legitimate issues of fact exist in this regard. (Motion to Reargue, pp. 4-5) Although Carnein argues that questions of material fact exist as to whether Allstate made any attempt to collect from Longo, she did not submit any evidence to support this assertion. The arguments of a party do not constitute evidence of questions of material fact. "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence ofsuch an issue. . . . Mere assertions of fact . . . are insufficient to establish the existence of a material fact . . (Emphasis added; internal quotation marks omitted.) Maffucci v. Royal Park Limited Partnership,243 Conn. 552, 554, 707 A.2d 15 (1998). "The existence of the genuine issue of material fact must be demonstrated by counter affidavits and concrete evidence." (Internal quotation marks omitted.) Pion v. SouthernNew England Telephone, 44 Conn. App. 657, 663, 691 A.2d 1107 (1997).
Carnein's motion to reargue also contends that "[u]nder no circumstances would Allstate be capable of seeking reimbursement from Longo, Longo Trucking or Peerless Insurance Company for the injuries and damages sustained by its insured as a result of the damage caused byGomez. Allstate has never possessed, nor will it possess, any rights of reimbursement related to the conduct of Longo and Longo Trucking inasmuch as Allstate is not liable for injuries and losses sustained to Carnein by Longo."[1] (Emphasis in the original.) (Motion to Reargue, pp. 3-4.)
Carnein's argument runs contrary to a plain reading of the contract. As stated in the previous decision, the consent clause must be read in CT Page 5220 conjunction with the trust agreement provision, which provides that Allstate is "entitled to repayment of amounts paid by us and related collection expenses out of the proceeds of any settlement or judgmentthat person recovers from any responsible party or insurer." (Emphasis added.) (Allstate's memorandum in support of summary judgment, attachment to Exhibit D, p. 19.) The agreement between Allstate and Carnein gives to Allstate the right to be reimbursed for payments made pursuant to the uninsured motorist coverage from any settlement or judgment to which Carnein is entitled. As such, the contract grants to Allstate the right to reimburse itself for payments made to Carnein for damages caused by Gomez from any recovery to which Carnein was entitled from Longo. Therefore, Allstate was prejudiced by Carnein's settlement with Longo, which destroyed Allstate's right to reimburse itself from any recovery to which Carnein was entitled. See also Carnein v. Allstate Ins. Co., supra, Superior Court, Docket No. 489419. Furthermore, § 38a-334-6
(e) of the Regulations of Connecticut State Agencies supports the court's decision.[2]
In addition, Carnein argues that P.A. 97-58 affects her claim for uninsured motorist benefits. (Motion to Reargue, pp. 5-6) As the court stated in Garcia v. ITT Hartford Ins. Co., Superior Court, judicial district of Hartford, Docket No. 579974 (December 8, 1998, Peck, J.) (23 Conn.L.Rptr. 450), "there is no indication that the right to subrogation in the uninsured context has been affected by P.A. 97-58."
Accordingly, the contract is to be applied according to its plain meaning. Carnein breached the insurance contract and relieved Allstate of its obligation to pay damages under the uninsured motorist provision.
BY THE COURT
ROBERT B. SHAPIRO JUDGE OF THE SUPERIOR COURT