[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By way of a four count complaint dated December 1, 1999, the plaintiff has brought suit against Frank Thomas and Robert Hall based on claims of premises liability. The plaintiff claims that while performing masonry work at a residence in Winsted, Connecticut, he fell approximately thirty feet off a scaffold and sustained personal injuries. Counts One and Three sound in negligence and Counts Two and Four claim OSHA violations. The plaintiff claims that Thomas owed him a duty of reasonable care as the general contractor of the work site to ensure the safety of the scaffold. The plaintiff claims that Hall owed him a duty of care as the owner of the residence who hired him to do the masonry work. On January 29, 2001, on a motion to strike filed by the defendant Hall, this court held that OSHA violations may be evidence of a standard of care, but do not establish a separate cause of action. The defendants now move for summary judgment claiming that neither of them owed a legal duty to the plaintiff.
A moving party is entitled to summary judgment if the court is satisfied from the pleadings and proffered documentation that there is no genuine issue as to any material fact. Additionally, in assessing a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party. Home Ins. Co v. Aetna Life Casualty Co., 235 Conn. 185 (1995). The party seeking summary judgment has the burden of showing the absence of any genuine issue of material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Appleton v. Board of Education, CT Page 12987254 Conn. 205, 209 (2000). The existence of the genuine issue of material fact is ordinarily demonstrated by counteraffidavits and concrete evidence. Pion v. Southern New England Telephone Co., 44 Conn. App. 657,663 (1997).
"The issue of whether a defendant owes a duty of care is an appropriate matter for summary judgment because the question is one of law." Pion v.Southern New England Telephone Co., 44 Conn. App. 657, 660, 691 A.2d 1107
(1997). "The existence of a duty is a question of law and only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand."Mendillo v. Board of Education, 246 Conn. 456, 483, 717 A.2d 1177
(1998). "If a court determines, as a matter of law, that a defendant owes no duty to a plaintiff, the plaintiff cannot recover in negligence from the defendant." (Internal quotation marks omitted.) Maffucci v. RoyalPark Ltd. Partnership, supra, 243 Conn. 567.
The legal responsibility for maintaining premises in a reasonably safe condition depends upon who has control of those premises. The plaintiff asserts that either Thomas or Hall had control of the premises. The plaintiff alleges that Thomas was the general contractor onsite, maintained possession and control of the premises and, therefore, owed the plaintiff a duty of reasonable care. The principal claim of the plaintiff is that the defendants failed to ensure the safety of the scaffolding. Like the plaintiff, Thomas was a contractor hired by Hall. He has provided to the court an affidavit stating that he was not the general contractor at the site and that he had no control over the plaintiff or any of the other contractors or their work. The plaintiff has offered no legal or evidentiary foundation to the contrary. Thomas was no more the general contractor and had no more control over the construction site than the plaintiff himself. Although it is undisputed that the scaffolding belonged to Thomas, it is also undisputed that the scaffolding was erected by the plaintiff and his employee while neither Thomas nor Hall was even on the premises.[1] Accordingly, Thomas did not owe any legal duty to the plaintiff.
The plaintiff claims that the defendant Hall, as the owner of the residence, owed the plaintiff a legal duty to ensure the safety of the work site. The plaintiff was an independent contractor building a chimney for Hall. "An independent contractor is one who, exercising an independent employment, contracts to do a piece of work according to his own methods and without being subject to the control of his employer, except as to the result of his work." Francis v. Franklin Cafeteria,Inc., 123 Conn. 320, 324 (1937). Hall has provided an affidavit stating that the plaintiff controlled the means and methods of his own work. This is reinforced in the plaintiff's answers to interrogatories in which he CT Page 12988 claims that he was self-employed at the time of the incident. The plaintiff did not ask Hall to provide scaffolding, guardrails, or similar equipment. These facts are undisputed and establish that, at the time of the incident, the plaintiff was acting as an independent contractor.
The plaintiff contends that Hall had a duty to inspect the scaffolding he erected to ensure that it was safe and to warn the plaintiff if it was unsafe. The general rule is that where the owner of premises employs an independent contractor to perform work on them, the contractor, not the owner, is liable for any losses resulting from negligence in the performance of the work. The basic premise is that the assumption and exercise of control over the offending area is deemed to be in the independent contractor. Darling v. Burrone Bros., Inc., 162 Conn. 187,196 (1972); Wright v. Coe Anderson, Inc., 156 Conn. 145, 151 (1968). In this case, Hall did not have any control over the equipment used by the plaintiff. Hall did not own the equipment, did not possess the equipment, and did not set up the equipment. The plaintiff has not offered any evidence to the contrary. Although the plaintiff claims that Hall had control over the construction site, the mere fact that Hall frequently observed the progress of the work is not sufficient to establish control.
Where there is no legal duty between the person alleging injury and the defendant, there can be no actionable negligence. Accordingly, the motions for summary judgment are granted.
BISHOP, J.