[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #126 AND #131
The plaintiff, Nationwide Insurance Company, insured Mark Stepsis with a homeowners' insurance policy which included fire coverage. Stepsis owned and leased property located at 170 Uniquowa Hill Street in Bridgeport, Connecticut to the defendants, Christian Comito, Anthony Rocco, Thomas Puzo, Seth Wielard and Jonathan Broad. This home was damaged as the result of a fire originating within the home on October 24, 1997. The plaintiff filed an amended complaint on December 14, 1999, and seeks to recover from the tenants through subrogation. The two motions for summary judgment that are now before the court were filed by two of the defendants, Thomas Puzo and Anthony Rocco. Counts four, five and six of the plaintiff's amended complaint respectively allege negligence, breach of contract and res ipsa against Rocco. Counts seven, eight, and nine of the plaintiff's amended complaint respectively allege negligence, breach of contract and res ipsa against Puzo. On July 7, 2000, Puzo filed a motion for summary judgment with an attached CT Page 7373 memorandum of law in support of the motion. On October 5, 2000, Rocco also filed a motion for summary judgment with an attached memorandum of law in support of the motion. The plaintiff filed an objection to Puzo's motion for summary judgment on September 22, 2000. In response, Puzo filed a reply to the plaintiff's objection on October 13, 2000. On November 28, 2000, the plaintiff filed a surreply to the reply filed by Puzo. The plaintiff also filed an objection to Rocco's motion for summary judgment on January 11, 2001.
"Practice Book . . . § [17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which. under applicable principles of substantive law, entitle him to a judgment as a matter of law. . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Rivera v.Double A Transportation, Inc., 248 Conn. 21, 24, 727 A.2d 204 (1999). "The existence of the genuine issue of material fact must be demonstrated by counter-affidavits and concrete evidence." (Internal quotation marks omitted.) Pion v. Southern New England Telephone Co., 44 Conn. App. 657,663, 691 A.2d 1107 (1997).
The issue on these motions for summary judgment is whether Puzo and Rocco as tenants can be considered proper subrogees under the plaintiff's insurance policy or whether the plaintiff is precluded from seeking subrogation. "It is the modern trend to prohibit a lessor's insurers from recovering against negligent lessees unless the rental contract clearly expresses a contrary intent. . . . It is, thus, the trend to relieve the lessee from liability for fire damage caused by his or her own negligence where the circumstances lead the court to conclude the parties intended such a result. . . . As to fire insurance, the trend has been to find that the fire insurance has been obtained for the mutual benefit of the landlord and lessee." 49 Am.Jur.2d 398-99, Landlord and Tenant § 481 (1995). The one appellate authority that addresses this issue, supports the view that subrogation is not available to the insured as against tenant or tenants of said insured absent evidence of the parties intent to the contrary. Dilullo v. Joseph, 259 Conn. 847, 850 (2002). "The question, however, is not whether the parties intended to be co-insureds but whether the parties had an express agreement establishing the defendant's liability. . . ." (Citations omitted.) Dilullo v. Joseph, Superior Court, judicial district of Litchfield at Litchfield, Docket CT Page 7374 No. 82073 (April 24, 2001, Cremins, J.) (29 Conn.L.Rptr. 467).
The exception of an express agreement of tenant's liability does not apply here because there was no agreement that the tenants would be liable for their own negligence and therefore susceptible to subrogation. Paragraph eight of the lease merely specified that tenants would not be able to withhold rent in the event that damage resulted from tenant's negligent acts. Paragraph ten of the lease required the tenants to keep the property in good repair. Paragraph twenty provides that tenant shall acquire liability insurance but does not specify that it include a fire policy or that tenant will be specifically held liable for his negligence.
In Great American Ins. Co. v. Cahill, supra, 20 Conn.L.Rptr. 79, the landlord specifically told the tenant that he had insurance for himself but that the tenant would need to get his own to protect his own property. The court held that this did not constitute an express agreement to hold the tenant liable for negligently causing damage to the landlord's premises and therefore subrogation was not allowed. "In the present case there is no express lease provision stating that the tenant is liable to the landlord's insurer in the event that the tenant negligently causes fire damage to the rented premises." Id., 81.
The plaintiff makes several arguments in his objections to both defendants' motions for summary judgment. Specifically, the plaintiff argues that the defendants are liable under contract and/or negligence liability principles. The plaintiff also raises arguments based on equal protection, due process, the common law, Connecticut statute and rules of logic and reason. None of these arguments has merit. Great American Ins.Co. v. Cahill, supra, 20 Conn.L.Rptr. 80, quoting 6A J. Appleman S. Liebo, Appleman's Insurance Law and Practice § 4055 (Supp. 1992).
The plaintiff argues a violation of equal protection and due process rights under both the Connecticut and federal constitutions, claiming that corporations are entitled to the same rights and protections as individuals. The federal constitution does not apply. however, because no state action is involved in this case. "[S]tate action. . . [is] an essential requirement for invocation of the due process clauses of both our federal and state constitutions. . . ." (Citations omitted.) Savagev. Aronson, 214 Conn. 256, 284. 571 A.2d 696 (1990). Similarly, "[t]he equal protection clauses of our state and federal constitutions are designed as a safeguard against acts of the state. . . ." Lockwood v.Killian, 172 Conn. 496, 501, 375 A.2d 998 (1977). "The Equal Protection Clause is not addressed to the minimal sufficiency but rather to the unjustifiable inequalities of state action. . ." (Internal quotation marks omitted.) Horton v. Meskill, 172 Conn. 615, 645, 376 A.2d 359
CT Page 7375 (1977).
Additionally, the plaintiff's claim under Article 1, § 10, of the Connecticut constitution is also without merit.[1] "[A]rticle first, § 10, prohibits the legislature from abolishing or significantly limiting common law and certain statutory rights that were redressable in court as of 1818. when the constitution was first adopted. and which were incorporated in that provision by virtue of being established by law as rights the breach of which precipitates a recognized injury. . . . The legislature is precluded, therefore, from abolishing or substantially modifying any such right unless it enacts a reasonable alternative to the enforcement of that right. . . . Article first, § 10, however, does not itself create new substantive rights but. instead, protects access to our state's courts." (Citations omitted; internal quotation marks omitted.) Binette v. Sabo, 244 Conn. 23, 30-31, 710 A.2d 688 (1998). The plaintiff fails to demonstrate the applicability of this constitutional provision to the facts of the present case. No action of the legislature abolishing any right arguably existing in the common law before 1818 is involved here.
The plaintiff's claim that the express terms of the lease allow the landlord to recover from the tenant is also misplaced. The express terms in the lease discuss liability insurance but do not mention fire insurance, which is a separate form of insurance and is covered by a separate Connecticut statute.[2] Therefore, there are no applicable express terms in the lease. Since there is no express agreement between the landlord and the tenants that specifically designates the tenants to be liable, this exception does not apply.
The plaintiff also errs in its reasoning regarding the subrogation rights in General Statutes § 38a-307. This statute would not apply. Although this right may remain available against those not in privity with the landlord, it is inapplicable to this situation.
Accordingly, the defendants have sufficiently met their burden of showing the absence of any material fact regarding the plaintiff's ability to recover against the defendants and the defendants are further entitled to judgment as a matter of law. Therefore, defendants' motions for summary judgment are granted.
BY THE COURT
__________________________ Skolnick, J.