[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #107
On September 12, 2001, the plaintiff, Ronald Bastura, brought this products liability action pursuant to General Statutes § 52-572m
against ATI Global, Inc., the defendant. The plaintiff allegedly sustained injuries on September 1, 1998, while using a backhoe which was manufactured by the defendant. The plaintiff purchased the backhoe in the summer or fall of 1993. The defendant filed an answer with special defenses on June 13, 2002.
On August 23, 2002, the defendant filed the present motion for summary judgment on the ground that the complaint is barred by the statute of limitations set forth in General Statutes § 52-577a. In support of its motion, the defendant filed a memorandum of law, and an affidavit of Steven Hoeger, the chief financial officer of ATI Global, Inc., who attested that the backhoe had been manufactured in 1987 and sold to Tanner Ford on March 8, 1988, at which time the defendant no longer had possession or control over the backhoe. On September 10, 2002, the plaintiff filed an objection to the motion for summary judgment together with a supporting memorandum of law. The defendant responded to the plaintiffs objection on October 4, 2002.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . ., and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Gaynor v. Payne, CT Page 15741261 Conn. 585, 590-91, 803 A.2d 311 (2002).
General Statutes § 52-577a (a) provides "[n]o product liability claim as defined in section 52-572m shall be brought but within three years from the date when the injury . . . is first sustained or discovered . . . no such action may be brought against any party . . . later than ten years from the date that the party last parted with possession or control of the product."
There is no dispute that the plaintiff brought this action within three years of sustaining the injury. There is also no dispute that the defendant sold the backhoe to Tanner Ford in 1988 where the defendant no longer retained possession or control. The plaintiff fails to meet his burden of submitting contrary evidence tending to show that the statute of limitations has not run. "The existence of the genuine issue of material fact must be demonstrated by counter-affidavits and concrete evidence." (Internal quotation marks omitted.) Pion v. Southern NewEngland Telephone Co., 44 Conn. App. 657, 663, 691 A.2d 1107 (1997).
For the forgoing reasons, the evidence submitted by the parties shows that there is no genuine issue of material fact, therefore, the defendant's motion for summary judgment is granted.
 ___________________ Martin, J.
CT Page 15742