[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
This action was commenced pursuant to Section 52-592, General Statutes. The suit involves a subrogation claim by the plaintiff insurer, United Services Automobile Association (USAA)against Connecticut Natural Gas (CNG) and Scott Swimming Pools, Inc.(Scott). CT Page 8094
The defendant CNG filed a motion for summary judgment and Scott filed an identical motion. Summary judgment is sought by the defendants on he grounds (1)that the claims of the plaintiff are time-barred by the relevant statutes of limitations and (2) that the plaintiff cannot meet its burden of proving that it should be permitted to avail itself of the saving provisions of Section 52-592, which apply to accidental failure of suit.
A "motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried."Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1989). "[summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Witt v. St. Vincent'sMedical Center, 252 Conn. 363 368, ___ A.2d ___ (2000); see Practice Book § 17-49. A material fact is one "which will make a difference in the result of the case." (Internal quotation marks omitted.) Hammer v.Lumberman's Mutual Casualty Co., Conn. 573, 578, 573 A.2d 699 (1990). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts. . . ." (Citations omitted; internal quotation marks omitted.) Witt v. St. Vincent's Medical Center, supra, 252 Conn. 368.
"[T]he party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Internal quotation marks omitted.) Witt v. St. Vincent's MedicalCenter, supra, 252 Conn. 368. "It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Maffucci v. Royal Park Ltd.Partnership, 243 Conn. 552, 554-55, 707 A.2d 15 (1998). "The existence of the genuine issue of material fact must be demonstrated by counter affidavits and concrete evidence." (Internal quotation marks omitted.)Pion v. Southern New England Telephone Co., 44 Conn. App. 657, 663,691 A.2d 1107 (1997). "Only evidence that would be admissible at trial may be used to support or oppose a motion for summary judgment." (Internal quotation marks omitted.) Great Country Bank v. Pastore,241 Conn. 423, 436, 696 A.2d 1254 (1997); see Practice Book § 17-46.
"Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." CT Page 8095 (Internal quotation marks omitted.) Fogarty v. Rashaw, 193 Conn. 442,446, 476 A.2d 582 (1984).
In the instant case, the unrefuted facts are that on March 20, 1993 the residence of Richard and Carol Knobelman was seriously damaged by an explosion. The Knobelmans collected the insurance proceeds form their insurer, USSA. USSA then brought suit on September 7, 1995 in the Stamford Superior Court against CNG, Scott and a third defendant not part of the instant action for money damages in the amount of $562,804.84. That suit was dismissed for dormancy reasons on June 20, 1997. A motion to open that dismissal was thereafter granted.
The Stamford suit was once again dismissed for dormancy on June 19, 1998 and a subsequent motion to open that dismissal was denied.
On June 17, 1999 the instant suit was commenced in this court and the defendants filed their respective motions for summary judgment.
Scott's motion is addressed to counts seven(breach of contract and warranty) and ten (intrinsically dangerous activity). The plaintiff concedes the merit in the motion as to count seven and for that reason the motion is granted as to that count.
AS TO STATUTES OF LIMITATION
The movants concede that the instant action was filed within one year of the prior dismissal. The filing of this action is found to be timely pursuant to statute. The basis of their motion is limited to the failure of the plaintiff to prosecute the Stamford case.
They argue that at the time of the filing of this case, six and one-half years had passed since the date of the explosion. That period of time exceeds any statutes of limitation for such causes of action. The obvious distinction is that an action was timely commenced on September 7, 1995 and that within one year of the dismissal of that case this action was timely brought.
AS TO THE PERMISSIBLE APPLICATION OF SECTION 52-597 C.G.S.
The movants argue that the plaintiff cannot meet its burden of proving that it should be permitted to use the saving provisions of Section 52-597
(accidental failure of suit). Whether such burden has been met is for the court to decide. Certain types of egregious conduct have been cited as reasons to deny the application of the statute. Repetitive conduct without "credible excuse" that interferes with "proper management of cases" and causes "serious inconvenience to the court and to opposing CT Page 8096 parties" may appropriately be labeled egregious Ruddock vs. Burrowes,243 Conn., 575, 576 (1998).
This court notes that the Stamford file was twice dismissed for dormancy and the motion to open the second dismissal was denied. This court does not sit as an appellate court in review of the prior ruling. However, this court has before it a new case timely filed and a motion for summary judgment. The prior orders do not prohibit this court from exercising its discretion as to the motion before it.
Even where a dormancy dismissal has properly been entered pursuant to P.B. Section 251 (now Sec. 14-13) a new action can be commenced provided that it is commenced timely. That is true even where the plaintiffs lack of dingence was the basis for the dismissal. In Lacasse vs. Burns,214 Conn. 464, 470 (1990) the court held ". . . The plaintiffs dingence did not fall within the "reasonable"section of the spectrum contemplated by Sec. 251. We concluded that that fact alone, however, is not sufficient to overcome the broad remedial provisions of the accidental failure of suit statute. Id, p. 474.
The court has reviewed the memoranda of counsel and the applicable case law. The court has also taken into consideration the unique history of this file and the pleadings and conduct of counsel in attempting to meet their professional responsibility to their clients and the court.
The chronology of events in the Stamford case, which is the target of the motion for summary judgment, indicates that the plaintiff filed a ten count complaint that was the subject of pleadings addressed to it. It was amended on four separate occasions in response to four requests to revise, a motion to strike and a motion for summary judgment.
In addition, the plaintiff responded to appropriate discovery pleadings and engaged in the deposition of two representative of the defendant. During that same time period, the parties engaged in back and forth settlement proceedings which, if the briefs recount accurately, the plaintiff wrongfully put sufficient stock in so as to not simultaneously pursue closing the pleadings. The plaintiff allowed considerable time to pass while the settlement discussions ultimately proved fruitless.
In order for this court to grant the motion for summary judgment it must find that there is no genuine issue of fact as to whether the plaintiff dingently prosecuted its claims. Based on the chronology of events and the complexity of the issues involved in the plaintiffs claims it cannot be found, as a matter of law, that the plaintiff in this case has failed to provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Ruddock, supra, p. 573-74 CT Page 8097 citing Doty vs. Mucci, 238 Conn. 800, 805-806 (1996). The court can properly allow such a new action if the failure to prosecute the prior action can be deemed to be the result of "mistake, inadvertence or excusable neglect." Id., p. 577. The plaintiff in this case can nightfall be said to have committed all three — but when viewed in the context of the total case management, this conduct does not warrant the relief sought by the movants.
For the above reasons, the court hereby sustains the plaintiffs objection to the motion for summary judgment.
 By the Court, Joseph W. Doherty, Judge