[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (DOCKET ENTRY NO. 105)
The plaintiff, Rong Jian Pan, filed a complaint on September 25, 1998, seeking damages for personal injuries allegedly caused by the negligence of the defendant, Brennan Associates. In the complaint, the plaintiff alleges that the defendant "owned, operated, possessed and controlled" the premises where he was injured. The plaintiff, further alleges that on April 4, 1998, while he was working for his employer, the Happy House Chinese Restaurant (Happy House), he fell while ascending the stairs leading from the basement to the first floor of the defendant's premises[1] and that his fall was due to the absence of a handrail on the CT Page 14259 stairs.
On October 9, 1998, Happy House moved to intervene to recover workers' compensation benefits paid to the plaintiff, on the ground that the plaintiff was in Happy House's employ at all relevant times, the plaintiff's injuries arose out of and in the course of his employment, and the plaintiff's employment was within the scope of the Workers' Compensation Act. Happy House filed an intervening complaint and was joined in the action as a party plaintiff.
On April 5, 1999, the defendant filed a motion for summary judgment on both of the complaints, on the ground that there is no genuine issue of material fact that Happy House, and not the defendant, had exclusive possession and control over the area in which the plaintiff allegedly fell. The defendant argues that because it lacked possession and control over the area in question, it owed no duty to the plaintiff and is entitled to judgment as a matter of law. Pursuant to Practice Book §17-45, the defendant filed a supporting memorandum of law (Defendant's Memorandum) and other documentary evidence with its motion, including the ten-year lease agreement between the defendant and Happy House, executed in 1992, and a supporting affidavit.[2] On April 26, 1999, the plaintiff filed a motion in opposition to the defendant's motion for summary judgment on the ground that a genuine issue of material fact exists regarding who was in possession and control over the area of the premises in which the plaintiff was injured. The plaintiff also filed a supporting memorandum of law.
Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Maffucci v. Royal Park Ltd. Partnership,243 Conn. 552, 554-55, 707 A.2d 15 (1998); Practice Book § 17-49. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Id. Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact, a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. Id. It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court. Id.
Where there is no question of fact or law which remains to be answered, a motion for summary judgment should be granted, Schlott v.CT Page 14260Zaremski, 32 Conn. Sup. 567, 569, 345 A.2d 588 (1975), and if the sole question is one of law, it may properly be determined on a motion for summary judgment. Id.
To succeed in a claim for negligence, a plaintiff must allege four "essential elements": duty; breach of that duty; causation; and actual injury. RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381, 384,650 A.2d 153 (1994). The existence of a duty is a question of law and only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand. Maffucci, supra, 243 Conn. 566-67. If a court determines, as a matter of law, that a defendant owes no duty to a plaintiff, the plaintiff cannot recover in negligence from the defendant. Id. Thus, the issue of whether a defendant owes a duty of care is an appropriate matter for summary judgment because the question is one of law. Pion v. Southern New England Telephone Co., 44 Conn. App. 657, 660,691 A.2d 1107 (1997).
The defendant argues that liability for injuries caused by defective premises is based on possession and control, not ownership. This court agrees. Although the defendant is the owner of the leased premises, liability for an injury due to defective premises does not depend on title, but on possession and control. Farlow v. Andrews Corp.,154 Conn. 220, 225, 224 A.2d 546 (1966). As a matter of common law, landlords generally do not have a duty to keep in repair any portion of the premises leased to and in the exclusive possession and control of the tenant. Gore v. People's Savings Bank, 235 Conn. 360, 374, 665 A.2d 1341
(1995). The law imposes on landlords only a duty to maintain in reasonably safe condition those areas of their premises over which they exercise control. Id., 375.
The Connecticut Supreme Court has defined "control" as the power or authority to manage, superintend, direct or oversee. Alderman v. HanoverInsurance Group, 169 Conn. 603, 606, 363 A.2d 1102 (1975). Ordinarily, control is a question of fact. See Skuzinski v. Bouchard Fuels, Inc.,240 Conn. 694, 704, 694 A.2d 788 (1997); Weintraub v. Richard Dahn,Inc., 188 Conn. 570, 573, 452 A.2d 117 (1982). However, whether control of the premises has been retained by a lessor is best "determined by the intent of the parties as expressed in the terms of the lease." Martel v.Malone, 138 Conn. 385, 388-89, 85 A.2d 246 (1951). A lease is a contract and its construction presents a question of law for the court. Robinsonv. Weitz, 171 Conn. 545, 551, 370 A.2d 1066 (1976); Sacharko v. CenterEquities Ltd. Partnership, 2 Conn. App. 439, 445, 479 A.2d 1219 (1984). When the language of a written lease is plain and unambiguous, it is not subject to interpretation or construction. Gateway Co. v. DiNoia,232 Conn. 223, 231-32, 654 A.2d 342 (1995). CT Page 14261
In the present case, the terms of the lease leave no doubt that Happy House, the lessee, retains exclusive possession and control of the premises. Several provisions of the lease clearly and unambiguously state that the lessees are to maintain the interior of the leased premises in good condition and repair. In section five of the lease, entitled "Maintenance and Alterations," the lessee agreed "to maintain the interior of the Leased Premises . . . in a good state of repair and lessee shall further make all interior repairs to the Leased Premises at its own expense." (Defendant's Memorandum, Exhibit A, p. 4.) Further, paragraph fifteen of the lease provides that "[a]ll interior repairs . . . regarding said Leased Premises shall be made at the expense of the Lessee. The Lessee shall also have the right to make alterations within the leased premises, provided the consent of the Lessor is obtained in writing." (Defendant's Memorandum, Exhibit A, p. 7.) Moreover, the lease makes clear that the lessee, not the defendant, was in possession of the premises. (See e.g., Defendant's Memorandum, Exhibit A, p. 5, ¶ 8 prescribing conditions precedent to the lessor's exercise of its right of reentry.)
A genuine issue has been variously described as a triable, substantial or real issue of fact, one which can be maintained by substantial evidence. United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364,378, 260 A.2d 596 (1969). A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case. Id., 379.
The existence of the genuine issue of material fact must be demonstrated by counter-affidavits and concrete evidence. Pion v.Southern New England Telephone Co., supra, 44 Conn. App. 663. A party's conclusory statements, "in the affidavits and elsewhere," may not "constitute evidence sufficient to establish the existence of disputed material facts." Gupta v. New Britain General Hospital, 239 Conn. 574,583, 687 A.2d 111 (1996). If the affidavits and other supporting documents are inadequate, then the court is justified in granting the summary judgment, assuming that the movant has met his burden of proof.2830 Whitney Avenue Corp. v. Heritage Canal Development Associates,Inc., 33 Conn. App. 563, 569, 636 A.2d 1377 (1994).
The plaintiff's sole argument in opposition to summary judgment is that the lease between the parties is vague as to whether the area of the premises within the exclusive control of the tenant in fact includes the area in which the plaintiff fell. Specifically, the plaintiff focuses on the following language, contained in paragraph one of the lease:
 "The Lessor has leased and does hereby lease unto the CT Page 14262 Lessee the room(s) or suite numbered and designated as #W5 in the building located on 928 White Plains Road . . . ." (Emphasis in original.)
The plaintiff argues that it is apparent from this language "that Happy House Chinese Restaurant occupies only some portion, i.e., `the room(s) or suite numbered and designated as #W5 in the building located on 928 White Plains Road . . .', not the entire building at 928 White Plains Road." The plaintiff argues that the lease provision creates a genuine issue of material fact precluding summary adjudication.
On May 5, 1999, the defendant filed a supplemental affidavit of Richard Aiello, a partner of the defendant partnership. In the affidavit, Aiello states that the designation of #W5 in paragraph one of the lease refers to "store number five in the west wing of [a] shopping center"; that "[t]he term `#W5' is an internal reference used by Brennan Associates to designate the entire space leased to Ming Hua Pan d/b/a Happy House Chinese Restaurant," including "the staircase that leads from the basement area to the first floor of the restaurant"; and that although "[a] site plan using the term `#W5' does not exist," a site plan attached to the defendant's affidavit provides a representation of the Trumbull Center as it existed on April 4, 1998, in which the space used by Happy House is designated by the number five. The plaintiff has not contested the statements contained in the Aiello's affidavits.
It is therefore clear that the defendant has met its burden of showing that the area of the premises where the plaintiff was injured, specifically, the stairway leading from the basement to the first floor, is within the interior of the premises as contemplated by the lease. It is further clear that the defendant, by providing evidence that it lacked possession and control over the area in question, has sustained its burden of showing that there is no genuine issue of material fact as to that issue and that the defendant is entitled to judgment as a matter of law.
When a party moves for summary judgment "and there [are] no contradictory affidavits, the court properly [decides] the motion by looking only to the [movant's] affidavits and other proof." HeymanAssociates No. 1 v. Insurance Co. of Pennsylvania, 231 Conn. 756, 795,653 A.2d 122 (1995). Apart from the plaintiff's argument that the lease is vague, the plaintiff offers no further evidence, argument or documentation to substantiate its claim that Happy House only occupies a portion of the leased premises.[3] The plaintiff's mere assertion that a genuine issue of fact exists regarding the construction of the lease is insufficient to establish the existence of such a fact. See PeerlessIns. Co. v. Gonzalez, 241 Conn. 476, 481, 697 A.2d 680 (1997). Consequently, the plaintiff has not met its burden in opposing summary CT Page 14263 judgment. Accordingly, the defendant's motion for summary judgment herebygranted.
MELVILLE, J.