[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION Re: MOTION FOR SUMMARY JUDGMENT II 140
The plaintiff, Christopher Stephenson, brought a products liability and CT Page 15574 negligence action against the defendants, NER Construction, Inc. (NER) and Dunlop Work Platforms, Inc. (Dunlop) after incurring injuries to his hand. In his second amended complaint dated January 15, 1999, the plaintiff alleges the following pertinent facts: NER was hired as a subcontractor pursuant to an October 6, 1995 contract with Suffolk Construction Company, Inc. (Suffolk) to work on a building facade in downtown Stamford. Subsequently, NER hired subcontractor MRI Construction, Inc. (MRI) to assist in the replacement of the facade. The plaintiff was hired as an employee of MRI to work on the project. Pursuant to its contract with Suffolk, NER furnished MRI with a movable work platform or scaffold (the scaffold) in order to move up and down on the outside of the building. NER purchased the scaffold from Dunlop. On August 26, 1996, while the plaintiff was exiting the scaffold, his hand was caught and crushed due to NER's "failure to properly install the safety enclosure" on the scaffold. (Complaint, ¶ 21.) Based on these facts, the plaintiff alleged the following causes of action: (1) liability of NER under Public Act 79-483 (now Connecticut General Statutes §§ 52-572m et seq., the Product Liability Act.); (2) negligence against NER; and (3) liability of Dunlop under Connecticut General Statutes §§ 52-572m et seq.
NER moves for summary judgment as to the product liability count of the plaintiffs amended complaint.[1] NER argues that there is no genuine issue of material fact in dispute as it does not meet the definition of a "product seller" as defined under Connecticut General Statutes § 52-572m
(a) and therefore, cannot be held liable under the Product Liability Act.[2] The plaintiff argues that NER is a product seller under the statute as NER acted as a "bailor" or "lessor" of the scaffold when it provided it to MRI. The plaintiff argues, therefore, that there is a genuine issue of material fact in dispute in this case.
A motion for summary judgment shall be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Milesv. Foley, 253 Conn. 381, 385, 752 A.2d 503 (2000). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. . . ." (Citations omitted; internal quotation marks omitted.) Appleton v. Boardof Education of Stonington, 254 Conn. 205, 209, 757 A.2d 1059 (2000). "[T]he movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine material issue of material fact." (Internal quotation marks omitted.)Witt v. St. Vincent's Medical Center, 252 Conn. 363, 372 n. 7, 746 A.2d 753
(2000). CT Page 15575
"As the party moving for summary judgment, [a party] is required to support its motion with supporting documentation, including affidavits."Heyman Associates No. 1 v. Ins. Co. of Pennsylvania, 231 Conn. 756, 796,653 A.2d 122 (1995). In support of its motion for summary judgment, NER attached an affidavit from Richard Sylvester, President of NER, who attests that he has personal knowledge of the matter at hand; a copy of Connecticut General Statutes §§ 52-572m et seq.; a copy of certified excerpts of Richard Sylvester's deposition dated December 2, 1999; and case law.
"[A] party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Internal quotation marks omitted.) Maffucci v. Royal Park Ltd. Partnership,243 Conn. 552, 554, 707 A.2d 15 (1998). "The existence of the genuine issue of material fact must be demonstrated by counter affidavits and concrete evidence." (Internal quotation marks omitted.) Pion v. SouthernNew England Telephone, 44 Conn. App. 657, 663, 691 A.2d 107 (1997). In Opposition to the motion for summary judgment, the plaintiff attached a copy of uncertified and undated excerpts of the deposition testimony of Christopher Ionta, NER's supervisor on the construction site; a copy of the October 6, 1995 contract between NER and Suffolk; a photograph of the scaffold at the construction site; and case law.
The sole issue before this court is whether there are facts in dispute as to whether NER can be considered a product seller as defined under the Product Liability Act. In his affidavit, Sylvester states that NER did not lease or bail the scaffold to MM. (Sylvester Affidavit, ¶¶ 15, 16.) NER argues, therefore, that the statements in the affidavit support its claim that they are not a product seller under the statute. (See NER's Reply Memorandum dated March 19, 1999.) "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Practice Book § 17-46. A party's conclusory statements, in the affidavit and elsewhere, do not constitute evidence which is sufficient to negate the existence of disputed material facts. See Gupta v. NewBritain General Hospital, 239 Conn. 574, 583, 687 A.2d 111 (1996). "It is especially appropriate to hold an affidavit submitted by a moving party to a stringent standard." New Canaan Bank v. Cappello, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 156286 (May 5, 1999, Hickey, J.); see also Sequiera v. West, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 152802 (April 28, 1998, D'Andrea, J.). CT Page 15576
In this case, the affiant states in a conclusory manner that NER did not lease or bail the scaffold to MRI as alleged in the plaintiffs amended complaint. There is, however, no supporting evidence, such as the contract between NER and MM, to verify that NER was not a bailor or lessor. Therefore, NER has not met its burden of showing the absence of any disputed fact as to whether it is a product seller under the statute. Consequently, this court cannot conclude that there is no genuine issue of material fact in dispute and that NER is entitled to judgment as a matter of law. See Emerson v. Super 8 Motel, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 167745 (April 12, 1999, Lewis, J.) (summary judgment granted because conclusory affidavit not sufficient to establish genuine issue of material fact); Hyman v. Garced, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 153421 (November 9, 1998,D'Andrea, J.) (summary judgment denied in fact intensive case because "[t]he single self-serving affidavit of the defendant . . . does not provide sufficient evidence to grant summary judgment."); Estes v.D'Elia, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 152655 (October 26, 1998, D'Andrea, J.) (summary judgment denied because a self-serving "affidavit is not evidence that there is no genuine issue of fact. It is merely a conclusory self-serving document.")
Additionally, "[t]he question of whether a particular statute or regulation applies to a given state of facts is a question of statutory interpretation. . . . Statutory interpretation is a question of law for the court to decide." (Internal quotation marks omitted.) BillerAssociates v. Rte. 156 Realty Co., 52 Conn. App. 18, 26, 725 A.2d 398, cert. granted on other grounds, 248 Conn. 916, 734 A.2d 566 (1999). Given the facts in this case, it is not an unreasonable interpretation on the part of the plaintiff to consider NER a bailor or lessor under the Products Liability Act. Accordingly, NER's motion for summary judgment as to count one of the plaintiffs second amended complaint is hereby denied.
MINTZ, J.