[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON DEFENDANT MFA STONE MASON CONTRACTING, INC.'S MOTION FOR SUMMARY JUDGMENT
 I PROCEDURAL HISTORY
The plaintiff, Thomas Doyle, filed a three count revised complaint sounding in negligence against the defendants, Kaar Construction Management Services, LLC, d/b/a Operation Safe Site, Marko Karr d/b/a Operation Safe Site, The Cleaning Connection, Inc., Michael Farrell d/b/a The Cleaning Connection, Inc., and MFA Stone Mason Contracting, Inc. (MFA), on December 14, 1999, seeking recovery for the injuries he suffered when a wooden plank, used as part of a scaffolding, snapped while he was working on it. The third count of the complaint, which is the subject of this opinion, is directed against MFA. The plaintiff alleges that on or about August 4, 1997, MFA erected scaffolding, consisting of a wooden plank placed between the ladder and sill to be used for hanging sheet rock at a construction site at the Anglebrook Clubhouse Project in Somers, New York. The plaintiff also alleges that MFA owned, controlled, supplied and maintained the wooden plank and scaffolding and supplied the plank and used it as part of scaffolding for hanging sheet rock. (Revised Complaint, Count Three, ¶ 16.) The plaintiff further alleges that MFA was negligent in that it caused the wooden plank to be used as part of scaffolding when it knew or should have known that the plank was defective and was not strong enough to support workers and the plaintiff CT Page 4828
On April 23, 2001, MFA filed a motion for summary judgment as to count three of the plaintiff's complaint and has attached a memorandum of support. MFA argues that it did not owe the plaintiff a duty of care, nor did it control the premises and provides the affidavit of Michael Acocella refuting the plaintiff's allegations. The affidavit states that: (1) the MFA masons were not the primary masons at the work site and that they were hired by Hobbs, Inc. only to install a patio at ground level; (2) all of their work was completed prior to July 31, 1997, and that they did not work at the project site on August 4, 1997, the date of the injury; and (3) MIFA's work did not involve any activity where staging was utilized. No memorandum in opposition has been filed by the plaintiff.[1]
 II DISCUSSION
Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp.,233 Conn. 732, 751, 660 A.2d 810 (1995). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." (Internal quotation marks omitted.) Appleton v. Board of Education, 254 Conn. 205, 209, 757 A.2d 1059
(2000). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski, 206 Conn. 495, 500,538 A.2d 1031 (1988). "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Maffucci v. RoyalPark Ltd. Partnership, 243 Conn. 552, 554-55, 707 A.2d 15 (1998).
"The existence of the genuine issue of material fact must be demonstrated by counteraffidavits and concrete evidence." (Internal quotation marks omitted.) Pion v. Southern New England Telephone Co.,44 Conn. App. 657, 663, 691 A.2d 1107 (1997). "if the affidavits and the other supporting documents are inadequate, then the court is justified in granting the summary judgment, assuming that the movant has met his burden of proof" (Internal quotation marks omitted.) 2830 Whitney AvenueCT Page 4829Corp. v. Heritage Canal Development Associates, Inc., 33 Conn. App. 563,569, 636 A.2d 1377 (1994). When a party moves for summary judgment "and there [are] no contradictory affidavits, the court properly [decides] the motion by looking only to the sufficiency of the [movant's] affidavits and other proof" Heyman Associates No. 1 v. Ins. Co. of Pennsylvania,231 Conn. 756, 795, 653 A.2d 122 (1995). "Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." (Internal quotation marks omitted.)Fogarty v. Rashaw, 193 Conn. 442, 446, 476 A.2d 582 (1984). "The issue of whether a defendant owes a duty of care is an appropriate matter for summary judgment [however] because the question is one of law." Pion v.Southern New England Telephone Co., supra, 44 Conn. App. 660.
"The existence of a duty of care is a prerequisite to a finding of negligence. . . . [T]he essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury. . . . The existence of a duty-is a question of law and only if such a duty is found to exist does the trier of fact then determine whether the defendant [breached] that duty in the particular situation at hand. . . . if a court determines, as a matter of law, that a defendant owes no duty to a plaintiff, the plaintiff cannot recover in negligence from the defendant." (Citations omitted; internal quotation marks omitted.) Gomes v. Commercial Union Ins. Co., 258 Conn. 603,614-15, 783 A.2d 462 (2001). "We have stated that the test for the existence of a legal duty of care entails (1) a determination of whether an ordinary person in the defendant's position, knowing what the defendant knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result, and (2) a determination, on the basis of a public policy analysis, of whether the defendant's responsibility for its negligent conduct should extend to the particular consequences or particular plaintiff in the case." (Internal quotation marks omitted.) Id., 616.
According to the unrefuted sworn affidavit of Michael Acocella, supervisor of MFA, the company was hired by Hobbs, Inc., to install a patio at ground level. In his affidavit, Acocella also states that MFA did not erect or maintain any staging, scaffolding, or plank on that job. Furthermore, Acocella states that all of MFA's work was performed prior to July 31, 1997 and that no MFA workers were at the site on the date of the injury. The plaintiff has offered no evidence disputing these facts. Therefore, MFA has met its burden of showing the absence of a genuine issue of fact and that it is entitled to judgment as a matter of law. Accordingly, the motion for summary judgment is granted.
 III CT Page 4830 CONCLUSION
The motion for summary judgment is granted.
BY THE COURT
Peter Emmett Wiese, Judge